# Houston *v*. Davis.

## *Trial of Right of Property.*

(Decided May 24, 1909.　49 South. 869.)

1. *Alteration of Instruments; Material Alteration After Delivery.*—Where a landlord receives from a tenant a rent note which constitutes the rental contract and alters it so that it calls for the payment of 2,750 pounds of cotton instead of 1,750 pounds, the alteration is material and discharges the tenant from liability.

2. *Same; Evidence.*—The evidence in this case examined and held to show that the original contract was materially altered.

3. *Appeal and Error; Review; Finding of Jury.*—The court will not disturb the finding of the jury unless clearly contrary to the great weight of the evidence.

[Houston v. Davis.]

4. *Trial of Right of Property; Amount Due Upon Mortgage; Statute.*—Section 6043, Code 1907, requires the ascertainment of the amount due upon the mortgage only after the claimant's claim has been sustained; in the absence of any evidence to the contrary, it will be presumed that the whole debt evidenced by the mortgage was due, and hence, the mortgagee is not bound to show the exact sum due on the mortgage in order to question the landlord's right, it being sufficient if anything be due.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by S. B. Davis as landlord against a tenant to enforce a landlord's lien for rent. Claim interposed by Belle Houston, mortgagee of the tenant, resulting in a trial of right of property. From a judgment for the plaintiff claimant appeals. Reversed and remanded.

PEACH & THOMAS, for appellant. There was material alteration in the rent contract.—2 Mayf. Dig. 101. The verdict of the jury is clearly contrary to the great weight of the evidence.—*Cobb v. Malone*, 92 Ala. 630.

T. M. PATTERSON, for appellee. The record discloses no reason for disturbing the finding of the jury.—*Cobb v. Malone*, 92 Ala. 630; *Morris v. West*, 101 Ala. 534; *Holland v. Howard*, 105 Ala. 538. The claimant failed to show the amount due on her mortgage, and hence, judgment was properly rendered for the plaintiff.— Sec. 6043, Code 1907.

ANDERSON, J.—This was a statutory trial of the rights of property between the landlord and the mortgagee of the defendant. The only question in the case was the amount of rent that the defendant agreed to pay his landlord, Davis; the defendant and claimant contending that it was 1,750 pounds of lint cotton, and the plaintiff contending that it was 2,750 pounds of lint cotton. If it was 2,750 pounds, the judgment was properly rendered for the plaintiff. If but 1,750 pounds, then

there should have been a judgment for the claimant, as it was undisputed that the plaintiff was paid 1,532 pounds of the grades called for and had been tendered the value of the other 218. Whether a tender of the value, instead of the cotton itself, would satisfy the lien, we need not decide, as the record shows that the plaintiff did not question such a tender, but took issue upon same. Moreover, if the plaintiff changed the note, which was the rental contract, from 1,750 pounds to 2,750 pounds, without the consent of the defendant, that would discharge the defendant of any further liability thereon. —*Brown v. Johnson Bros.*, 127 Ala. 292, 28 South. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134; 3 Brick. Dig. 27.

The defendant testified that his rent was but 1,750 pounds, and plaintiff testified that it was 2,750. They both agree that the rental contract was in writing, and that a copy was given the defendant, and that both the original and copy were written by the plaintiff; the plaintiff claiming that the original was never changed, but that the copy was changed after its delivery to the defendant. The defendant claims that the copy was not changed, but that the original was changed, after execution and delivery, from 1,750 pounds to 2,750 pounds. Pruett, a writing expert testified that the original, and not the copy, had been changed. The original papers have been sent up with the record, and our examination of same discloses that the original, and not the copy, was changed.

This court is loath to disturb the finding of a jury, unless the verdict is clearly and palpably contrary to the great weight of the evidence. We think that the appearance of the two notes (the original and copy), together with the testimony of Pruett, so convincingly corroborates the defendant as to render the verdict contrary to the great weight of evidence. It was not a question

[Montgomery v. Patterson.]

of the number of witnesses, etc.; but the earmarks of the notes speak for themselves, and in stronger terms than the affirmation or denials of the interested parties.

Section 6043 of the Code of 1907 requires the ascertainment of the amount due upon the mortgage or lien only when the claimant's claim is sustained. The claimant did not have to show the exact amount due upon her mortgage in order to question the plaintiff's title. It was sufficient if anything was due thereon. Presumptively the whole debt which it was given to secure was due, in the absence of any evidence to the contrary. The complainant proved, however, that a large part thereof was still due.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.