# Anderson *v.* Bellenger *&* Ralls.

*Action on Statutory Claim Bond.*

1. *Discharge of surety, by alteration of contract.*—A surety has the right to stand upon the very terms of his contract, and he is discharged by any alteration made without his consent, whether he is thereby injured or not, and even though it appears to be to his advantage, as by the addition of another as co-obligor; but alterations in the writing by a third person, who was not a party to it, can not change its legal operation and effect, and do not discharge the surety.

2. *Same; alteration of statutory claim bond, by adding name of another surety as co-obligor.*—After a statutory claim bond, having been signed by the principal obligor and two sureties, has been accepted and approved by the sheriff, it is his duty to return it at once to the court from which the process issued, and he has no authority, though retaining possession of the bond, to induce or accept the subsequent signature of a third person as surety; and such signature and acceptance being unauthorized, the liability of the original sureties is not thereby discharged or affected.

3. *Contracts made on Sunday.*—A statutory claim bond, accepted by the sheriff on Sunday, is within the statute declaring void "all contracts made on Sunday" (Code, § 1749); and when the plaintiffs in the action bring suit on the bond, it is not necessary that a plea, alleging its invalidity because it was accepted on that day, should also allege the plaintiffs' complicity in such acceptance.

4. *Signature to bond procured by fraud and mistake.*—In an action on a statutory claim bond, it is a good plea by one of the sureties, that he was fraudulently induced by the sheriff to sign it after it had been accepted and approved with the signatures of the other two sureties only, and that he signed it under a mistake of fact induced by the misrepresentations of the sheriff.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Bellenger & Ralls, suing as partners, against James Lancaster, T. M. Anderson, F. M. Reeves, and W. L. Aycock; was founded on a statutory claim bond, which was signed by said Lancaster as principal, and by the other defendants as his sureties; and was commenced on the 16th August, 1888. The plaintiffs had commenced a suit in detinue against one G. W. Lancaster, for 3,000 lbs. of seed-cotton; and after the cotton was seized by the sheriff, a statutory claim to it was interposed by said James Lancaster, and the bond here sued on was given conditioned as required by the statute. The claim suit was decided against the claimant, and the plaintiffs afterward recovered judgment in the detinue suit; and the cotton not being produced in accordance with the condition of the claim bond, this action on the bond was instituted. The action was discontinued as to James Lancaster, who was not served with process, and prosecuted to judgment against the other defendants.

The defendants jointly pleaded "the general issue," and issue was joined on that plea. Anderson and Reeves further filed a special plea of *non est factum*, called plea No. 2, alleging that after they had signed said bond with said Lancaster, and said bond was approved and accepted by the sheriff, "he, the said sheriff, without the consent, request or procurement of these defendants, or of said James Lancaster, their principal, procured and obtained the signature of said W. L. Aycock to said bond." They also filed another plea, No. 3, alleging that said bond "was delivered to the said sheriff, and by him approved, on Sunday, contrary to the statute in such case made and provided." A special plea was also filed by said Aycock, No. 4, alleging "fraud and misrepresentation, in that the said sheriff, after he had approved and accepted the said bond upon which plaintiffs' action is founded, falsely and knowingly represented to this defendant that said T. M. Anderson, who was at the time a co-surety on said bond, had requested him, said Aycock, to go upon said bond; that by virtue of said representations, so made by said sheriff, this defendant was induced to sign said bond as a surety, when in truth and in fact said Anderson made no such request, nor authorized any one to do so for him, nor was said sheriff authorized to make said representations for either James Lancaster or F. M. Reeves; and that said sheriff made said representations well knowing that they were un-

true." To each of these special pleas the court sustained a demurrer, and its judgment is now assigned as error.

W. L. WHITLOCK, J. H. DISQUE, and GEO. D. MOTLEY, for appellant, cited *Giles v. Williams*, 3 Ala. 316; *Clay v. Dennis*, 3 Ala. 375; *Tamplin v. Still's Adm'r*, 77 Ala. 374.

DORTCH & MARTIN, contra, cited *Railroad Co. v. Hurst*, 9 Ala. 513; *Hammons v. State*, 59 Ala. 164; *Cranson v. Goss*, 107 Mass. 439, or 9 Amer. Rep. 45; *Johns v. Bailey*, 45 Iowa, 241; *Knox v. Clifford*, 38 Wisc. 651, or 20 Amer. Rep. 28.

McCLELLAN, J.—The contract of. suretyship must be strictly construed in favor of the surety. His obligation is voluntary, without any consideration moving to him, without benefit to him, entered into for the accommodation of his principal, and generally, also, for that of the obligee; and courts see to it that his liabilities thus incurred are not enlarged beyond the strict letter of his undertaking. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. His contract can not be changed in any respect. Whether an alteration is or is not to his benefit, is not open to inquiry. "He has a right to stand upon the very terms of his contract," and if a variation is made which extends its liability "to another person, or to any other subject, or for any other period of time than such as may be included in its words," and he does not assent to it, such variation is fatal to his obligation, whether he is injured thereby or not.—*Miller v. Stewart*, 9 Wheaton, 681; *Taylor v. Johnson*, 17 Ga. 521; *Gardner v. Walsh*, 5 El. & Bl. 89; *Bowers v. Briggs*, 20 Ind. 139; *Henry v. Coats*, 17 Ind. 161; *Wallace v. Jewell*, 21 Ohio St. 163; *Dickerman v. Miner*, 43 Iowa, 508; *City of Montgomery v. Hughes*, 65 Ala. 204.

Variations of the contract of suretyship which operate the discharge of the surety must, however, be such as are material, and change the legal import of the instrument, assuming the genuineness of the paper thus modified. Interlineations and changes may be made in the paper which evidences the liability, or in the words which express it, without destroying the validity of the contract, provided such modifications do not go beyond the mere form of the undertaking,

[Anderson v. Bellenger & Ralls.]

or beyond the expression of the obligation which the law ascribes to it, in the absence of such expression, by implication. But, if the alterations exceed these limits, and change the real meaning of the undertaking which the parties have entered into, whether presumptively to the detriment or advantage of the surety, and whether the effect is to add to or take from the liability, by the introduction of additional parties or otherwise, the surety is discharged.—*United States v. Tillotson*, 1 Paine, 305; *Taylor v. Johnson*, 17 Ga. 521; *O'Neal v. Long*, 4 Cranch, 60; *People v. Brown*, 2 Doug. (Mich.) 9; *Portago Br. Bank v. Lane*, 8 Ohio St. 360.

There is another important limitation on the general doctrine which we have been considering, applicable to contracts generally, and exerting its influence on contracts of suretyship as well as all others. It is now well settled in this country, though the contrary rule formerly prevailed, and does yet to a large extent in England, that erasures, interlineations, spoliations and changes, made in and of contracts by strangers to them, however material abstractly considered, are, in legal contemplation, wholly immaterial, and ineffective to give to the instrument any other or different meaning or operation than that which attached to it before such intermeddling.—*Brown v. Jones*, 3 Porter, 422; *Davis v. Carlisle*, 6 Ala. 709; 1 Green. Ev., §§ 565–568; Byles on Bills, 323, and notes; 2 Parsons on Contr. 716 *et seq.*

In this case, it is averred by the defendants Anderson and Reeves, that after the bond had been signed by them and their principal, it was delivered to, and accepted and approved by the sheriff. It was the latter's duty to pass on the sufficiency of the bond as to amount and solvency. When he accepted and approved it, with these names on it, the contract was complete, and his duties, so far as the execution of the instrument was concerned, were then at an end. His further duty with respect to the bond was to file it in the office of the clerk of the court.—Code, 1876, §§ 2942, 2946. The sheriff was merely the agent of the law to take the bond of the defendant, payable to the plaintiff, and return it into court. After taking it, he had only the naked custody for a particular purpose, and not to extend beyond a given time. In all other respects, and for all other purposes, he was an utter stranger. Of course, the defendant Aycock was also a stranger to the contract. The addition of Aycock's name as an obligor, after the undertaking had thus been perfected, was the act of these two strangers to it,

[Anderson v. Bellenger & Ralls.]

the one inducing and accepting the signature, and the other signing. Under this state of facts, the alteration was no alteration in point of law. No change in the *status* of the parties was effected by it; nothing was added to, or taken from their rights or liabilities; and the contract is to be treated by the parties as if the matter thus injected into it was not a part of the paper, as it is not a part of the undertaking which the paper evidences. The second plea of Anderson and Reeves discloses that the contract had thus been altered by strangers to it,—a fact which could exert no influence on their liability; and the plea presented therefore an immaterial issue. The demurrer to it was properly sustained.—*United States v. Spalding*, 2 Mason, 478.

Contracts made on Sunday are absolutely void.—Code, § 1749. A contract delivered on Sunday, is a contract made on that day, within the meaning of this statute.—*Flanagan v. Meyer*, 41 Ala. 132; *Burns v. Moore*, 76 Ala. 342. The contract of the defendants, while running to the plaintiffs, and enuring to their benefit, was required by law to be made, and could only be made with the sheriff. If delivered to him on Sunday, it was absolutely void, and imported no liability whatever. The plaintiffs had, and could have had, no connection with the making of the contract, and no control over the sheriff's action in relation to it. To hold that it was not void as between the plaintiffs and defendants, would be to add another term to the statute, and make it inapplicable to public officers, and enuring to third persons. The case of *Sallmarsh v. Tuthill*, 13 Ala. 390, is not in point. That adjudication related to a negotiable instrument, and depended for the result reached on the general principle which frees commercial paper from infirmities of which subsequent holders have no notice. Besides, the present statute "is more sweeping and vitiating in its effect than the act of 1803," under which that case was decided; and "all contracts," of whatever nature, are rendered void by it, if made on Sunday, unless they fall in one of the classes of cases specially excepted.—*Burns v. Moore, supra.* It was not necessary, therefore, for the third plea of Anderson and Reeves to aver the complicity of the plaintiffs in the execution of the contract, and the demurrer to that plea should have been overruled.

Fairly construed, the plea interposed by Aycock is an averment that he was fraudulently induced to sign the bond,

VOL. LXXXVII.

[Pendry v. Shows.]

after it had been accepted and approved. This goes to the consideration. The purpose of the bond was to secure to the principal the possession of the property. When the sheriff had accepted and approved the bond, as this plea alleges he did, the right to possession was perfect, and the duty on the part of the sheriff to deliver possession was absolute. It was immaterial whether possession had actually passed. The bond could have no other effect than to create this right and corresponding duty as to the possession. If these existed by reason of the acceptance and approval of the bond before it was signed by Aycock, it was without consideration as to him; and he should have been allowed to prove these facts, if he could.—*Jackson v. Jackson*, 7 Ala. 791; *Rutledge v. Townsend*, 38 Ala. 706; Brandt on Suretyship, 9.

This plea of Aycock also disclosed that his signature constituted an alteration of the contract made by him through a mistake of fact, being mislead by the sheriff so to do; and on this ground, also, we hold that it was well pleaded, and the demurrer to it was properly overruled.

Reversed and remanded.