# Brown v. Johnson Bros.

*Action on a Promissory Note.*

1. *Alteration of note; discharge of maker.*—Where, after the execution and delivery of a note which is signed by only one person, the holders of the note, without the knowledge or consent of the original maker, procure the note to be signed by another person as maker thereof, such alteration is material, and discharges the original maker from all liability thereon.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. S. H. SPROTT.

This was an action brought by the appellees, Johnson Bros., against the appellant, William Brown; and counted upon a promissory note, alleged to have been executed by the defendant William Brown and one Bob Jackson. The defendant pleaded *non est factum*. The averments of this plea are sufficiently stated in the opinion. To this plea the plaintiffs demurred upon the ground that the plea shows on its face that the alteration complained of was not a material alteration. The

court sustained this demurrer, and the ruling of the court in sustaining this demurrer is the only question presented for review on the present appeal.

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the rulings of the trial court in sustaining the demurrer of the plaintiffs to the defendant's plea.

THOMAS E. KNIGHT, for appellant.—Any material alteration, by one not a stranger to the paper, whether injurious or not, avoids the contract as to all parties not consenting.—*Bellinger v. Anderson*, 87 Ala. 334. If the alteration is one that causes the paper to speak a language different in legal effect from that which it originally spoke, avoidance will result, as to all parties not consenting.—*Bellinger v. Anderson, supra; Lesser v. Scholze*, 93 Ala. 338; *Bank v. Douglas*, 31 Conn. 179, 180; *Morrill v. Otis*, 12 N. H. 466. The addition of other names as makers discharges parties already bound by the paper.—*Montgomery v. Crossthwait*, 90 Ala. 553, 570; *Walsh v. Jewell*, 21 Ohio, 163; *Hall v. McHenry*, 19 Iowa, 521; *Henry v. Coates*, 17 Ind. 161; *Bellinger v. Anderson*, 87 Ala. 334.

R. M. DOUGLASS, *contra*, cited *Montgomery R. R. Co. v. Hurst*, 9 Ala. 515; *Rudolph v. Brewer*, 96 Ala. 150.

HARALSON, J.—The plea of defendant on which the case was tried, and a demurrer to which was sustained, presents the only question for review. The plea of *non est factum* set up that William Brown, the defendant, gave to Johnson Bros., the plaintiffs, the note sued on against him alone, for $99.99, and after its execution and delivery to the plaintiffs, without the consent or authority of defendant, they caused or procured the note to be signed by one Bob Jackson, as a co-maker with defendant of said instrument; that at the time defendant executed and delivered the note sued on, he was the sole maker of the same, and that the addition of the name of Bob Jackson as a co-maker with the defendant thereof, was without the knowledge, consent or authority of defendant.

[Brown v. Johnson Bros.]

The question présented is one of conflicting opinion in the adjudications of courts. In *Toomer v. Rutland,* 57 Ala. 385, this court stated the reason of the rule against alterations in notes to be, the necessity of guarding against and punishing all tampering with the instrument the parties have entered into, and made the sole memorial and exposition of their contract. The court further said : "The motive of the creditor in making the alteration may not be fraudulent—as in the present case,—*mala fides* may not be imputable to him ; yet as the alteration changes the legal identity and effect of the instrument, the debtor may well say it is not the contract into which he entered, and he is not therefore bound by it, and that the identity and legal effect of the contract into which he did enter, has been voluntarily destroyed by the creditor, and ceased to exist.—*Wood v. Steele,* 6 Wall. 80. The principle does not rest on the hypothesis that fraud is an indispensable element of the alteration,—it proceeds as well on the necessity of· preventing, as punishing of fraud.—*Glover v. Robbins,* 49 Ala. 219."

At an early day in this court while holding that if an alteration be material, and made by the party claiming under it, he can not enforce it, it was also held, that the addition of two names as makers of a several promissory note, placed there without the consent of the maker, would not avoid it, unless placed there for a fraudulent purpose.—*The Montgomery Railroad Co. v. Hurst,* 9 Ala. 513.

This doctrine, however, seems to have been departed from in later decisions of this court. In *Anderson v. Bellinger,* 87 Ala. 334, while holding that alterations in the writing by a third person, who was not a party to it, cannot change its legal operation and effect, and do not discharge the surety on the original paper, it was further held, that a surety (as in that case) has the right to stand upon the very terms of his contract, and if alterations change the real meaning of the undertaking whether presumptively to the detriment or advantage of the surety, and whether the effect is to add to or take from the liability, by the introduction of dif-

ferent parties or otherwise, the security is discharged,
—citing authorities to the point.

In the later case of *Montgomery v. Crossthwait*, 90
Ala. 553, in discussing such alterations, the court said:
"The law proceeds on the idea, that the identity of the
contract has been destroyed,—that the contract made
is not the contract before the court,—that the party did
not make the contract which is before the court; and so
adjudging, it cannot go further, and hold him bound by
it, on speculations, however probable and plausible, that
he would or ought to have entered into the altered
agreement, because it involved less liability than the
original and only paper executed by him." After allud-
ing to the fact that there were expressions in the books
to the contrary, the court added: "The sounder doctrine,
and certainly the one supported by the overwhelming
weight of authority, is that stated in *Anderson v. Bell-
inger & Ralls*, 87 Ala. 334. and there applied to a surety;
that any material alteration, by one not a stranger to
the paper, whether injurious or not, avoids the contract
as to all the parties not consenting. It is enough, that
if the instrument were genuine it would operate differ-
ently from the original, or, as otherwise expressed,
avoidance will result, 'if the alteration 'is one which
causes the paper to speak language different in legal
effect from that which it originally spoke.'     *     *     *
That the alteration was a material one, we have no doubt.
The considerations just adverted to, demonstrate that
it was; and the authorities are full to the point, that the
addition of other names as makers, discharges parties
already bound by the paper;" citing authorities.     As
to the materiality of such changes, and the rule for de-
terminating them, the courts lay down the doctrine, that
"the court is to determine the materiality of the altera-
tion by an inspection of the instrument.     Evidence
*aliunde* will be received to show the fact of alteration,
and in a proper case, also that the alteration was in ac-
cordance with the intention of the parties; but with
these exceptions, the court cannot, on the question of
materiality, look beyond the paper.     Considering the
original comparison with the altered paper, it is to de-

termine whether the latter, assuming its genuineness, evidences a contract materially variant from the former. It can make no difference that the parties, the addition of whose names constitutes the alteration, are not in fact bound by the instrument. On the face of it they are bound. On its face, therefore, the contract is not identical with the original. The legal identity of the first is destroyed, and parties not consenting thereto are discharged."—*Haskell v. Champion*, 30 Mo. 136; *Ford v. Cameron N. Bank*, (Tex.), 34 S. W. Rep. 684; 2 Am. & Eng. Encyc. Law (2d ed.), 233, and authorities there cited.

Whatever may be the rule, as maintained in some of the courts, it must be held as firmly settled in this court, that such an alteration as is set up in defendant's plea avoids the contract as to the original maker of the note. The demurrer to said plea should have been overruled.

The judgment of the lower court is reversed and the cause remanded.