# Bryan *v.* Carter, *et al.*

*Assumpsit.*

(Decided Feb. 26, 1910. 51 South. 999.)

1. *Alteration of Instruments; Material Alteration; Effect.*—A lease is vitiated where after its execution by one of the parties thereto, a material alteration is made without his knowledge or consent.

2. *Same; Material Alteration.*—Unless the lessor and the lessee both ratified the change, the alteration of the lease made without the consent of the lessee, who had signed the lease, by a third person, erasing the name of the designated agency recited in the lease, and then executing the lease for the lessor by signing the name of the lessor and such third person as agent, was such a material alteration as to vitiate the lease.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. R. Bryan against W. F. Carter and others. From a judgment for defendant, plaintiff appeals. Affirmed.

The plaintiff offered in evidence a paper writing purporting to be a contract of lease for a dwelling house between J. R. Bryan and the Carters. The lease was partly printed and partly written, and over the written part, which read, "By Consolidated Insurance Agency, agent for J. R. Bryan," was written "W. E. Martin, Agent" and the words "Consolidated Insurance Agency" were stricken out. It was shown for the defendant that at the time of the lease there was no such change made but that the lease was without erasure and that the Consolidated Insurance Agency was named in said lease as the agent. There was some testimony as to the condition of the premises, not necessary to be here set out. The court sustained an objection to the introduction of the lease in evidence.

W. E. MARTIN, for appellant. The court erred in excluding the lease as the alteration therein made was not material.—2 A. & E. Enc. of Law, pp. 211, 222, 233, 242, 232 and 263.

KERR & HALEY, for appellee. No brief reached the Reporter.

ANDERSON, J.—It was uncontroverted that after the lease was signed by the defendants, and after it was delivered to the Consolidated Insurance Agency, it was altered by W. E. Martin, who erased the Consolidated Insurance Agency as contracting agents of the plaintiff, and inserted his own name as the agent who was executing the lease for Bryan, the plaintiff, and executed the lease by signing the name of J. R. Bryan, by him (Martin) as agent, and that this was done without the consent of the defendants. Therefore the important question to determine is whether or not the alteration was material. If it was material, it vitiated the lease.—*Prim & Kimball v. Hammell,* 134 Ala. 654, 32 South. 1006, 92 Am. St. Rep. 52; *Brown v. Johnson,* 127 Ala. 292, 28 South. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134.

We think that the alteration was material. While the contract purported to bind the same lessor when signed by the defendants, it recited that it was executed through the Insurance Agency, and not through Martin. One may have had authority to bind Bryan to the terms of the lease, and the other may not have had the same authority. The Insurance Agency may have been more responsible in case of a breach, and want of authority to bind Bryan, than was Martin. It may be that Bryan subsequently ratified the act; but it is not a question as to whether or not Bryan subse-

[Commercial Union Assurance Co. v. Ryalls.]

quently made himself bound under the lease by ratifying the act of Martin, as the defendants' rights were based upon the status of the lease when they signed it, and the fact that Bryan ratified the act of Martin did not render the defendants bound by the lease, unless they ratified the change in the lease, which does not appear from the record.—*White Sewing Machine Co. v. Saxon,* 121 Ala. 408, 25 South. 784.

As the trial court did not err in sustaining the defendants' objection to the lease, the defendants were entitled to the general charge, which was properly given. The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.