# Smith *v.* Witcher and Hicks, *et al. v.* Witcher.

## *Bill to Partition Land.*

(Decided November 19, 1912. Rehearing denied December 17, 1912
60 South. 391.)

1. *Partition; Sale; Necessity.*—While the allegations as to the character of the land may not of themselves have justified a decree of sale for division, such allegations did not impair the effect of the general allegation that the lands could not be equitably divided without a sale, and hence the bill was not rendered demurrable by such allegations.

2. *Appeal and Error; Harmless Error; Pleading.*—The fact that the bill claims for an allowance of attorney's fees under section 5219, Code 1907, did not render the bill demurrable in such a sense as to make the overruling of the demurrer erroneous; such allegations being treated in a bill for partition as mere surplusage.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bills by Hezekiah Witcher against M. M. Smith, and against T. J. Hicks, and others for the sale of certain lands for division. From a decree overruling the demurrers to the bill, the causes having been consolidated, respondents appeal. Affirmed.

J. M. CHILTON and EDWARD S. WATTS, for appellant. The facts stated in the bill did not warrant the assertion that the property could not be equitably divided for partition among the joint owners thereof.—*Keyton v. Perry,* 93 Ala. 85; *McEvoy v. Leonard,* 89 Ala. 457; Freeman on Co-tenancy, sections 433 and 507. Without statutory authority complainant would not be entitled to attorneys fees.—*Jordon v. Farrow,* 130 Ala. 429. The bill does not make a case under section 5219, Code 1907, for the allowance of attorneys fees.—*Northen v. Tatum,* 164 Ala. 359; *Jones v. Peebles,* 130 Ala. 279; *Blair v. Williams,* 159 Ala. 655. Relief inconsistent with the prayer of the bill cannot be granted.—*Andrews v. McCoy,* 8 Ala. 920; *Lucas v. Oliver,* 34 Ala. 628; *Caldwell v. King,* 76 Ala. 109; *Cook's Case,* 90 Ala. 455.

EUGENE BALLARD, for appellee. The court was not in error in holding that the bill was sufficient as a bill for partition.—*Morgan v. Farned,* 83 Ala. 357; *McQueen v. Turner,* 91 Ala. 276; sections 5205 and 5222, Code of 1907.

McCLELLAN, J.—Bills to sell, for division, lands jointly owned. Code, §§ 5222, 5231. Demurrers to each were overruled. The appeals were submitted together, the same questions being decisive of each.

It is averred in both of the bills that the lands described therein cannot be equitably divided without a sale thereof. The averment stated conforms to the

language of the statute, and is sufficient. Such was pronounced, in *McEvoy v. Leonard,* 89 Ala. 455, 460, 8 South. 40, 41, to be "always safest in such proceedings." That averment is not a conclusion of the pleader, but an allegation of fact.

It is insisted that this series of averments and method of allegation serve to restrict and qualify the express averment that the land cannot be equitably divided or partitioned among the joint owners without a sale of the land, viz.: "(2) That said land is of such character, some of it being improved and some unimproved, some of it level and some hilly, some of it timbered and some open, some of the soil rich and some poor, that it cannot be equitably divided or partitioned among the joint owners thereof, without a sale for distribution." It appears from paragraph 1 of the bill that the land in question consists of approximately 1,200 acres; that complainant owns a one-eighth undivided interest therein; that T. J., L. D., and J. G. Hicks each owns an undivided one-third of the other seven-eighth interest in the land described.

From a consideration of the averments of the whole bill, it is clear that the general allegation of necessity for a sale is not restricted to, or qualified by, the averments just preceding it in paragraph 2, quoted above. The complainant, under his averments, would not be entitled to a decree of sale, in accordance with the prayer of the bill, if, on the final hearing, he *merely* and only proved, and that without dispute, that some of the land was hilly and some level, some rich and some poor, and some improved and some unimproved. These facts *alone* would not, in and of themselves, justify a decree of sale for division. The issue will be one of fact, and we do not anticipate an incorrect resolution thereof by the learned chancellor.

[Calvert, et al. v. Calvert.]

The bills claim an attorney's fee, in virtue, it is assumed, of Code, § 5219. Such claims in the bills, were surplusage.—*Northen v. Tatum,* 164 Ala. 369, 375, 376, 51 South. 17. The court will not be put in error for overruling demurrer assailing the sufficiency of surplus averments. The matter of attorney's fees may arise at a later stage in these proceedings.

Affirmd. All the Justices concur, except DOWDELL, C. J., not sitting.

(Decided May 30, 1912.   Rehearing denied December 17, 1912.
60 South. 261.)