(85 South. 286)

## DUKE v. ALLEN. (6 Div. 977.)

(Supreme Court of Alabama. Jan. 22, 1920.)

**1. Receivers ☞14—Courts reluctant to appoint as between parties equally entitled.**

Where substantial rights are involved, courts are slow to appoint a receiver as between parties whose relations to property in dispute and to each other entitles each to an equal right of possession, and, generally, in the absence of fraud, waste, or danger of loss or destruction, and where neither has excluded the other from possession, rents, or profits, a receiver will not be appointed.

**2. Good will ☞2 — Partnership ☞325(2)— "Good will" defined; attempt of member of firm to be dissolved to secure old customers for himself not ground for receivership.**

Act of partner in firm about to be dissolved in attempting by letter previous to dissolution to engage for his own benefit favorable consideration of old customers of firm *held* insufficient ground for receivership at instance of other partner, lease of firm premises being about to expire, and "good will" of a trade being merely probability old customers will resort to old place.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Will.]

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Bessie R. Allen against William M. Duke to dissolve partnership and for a receiver. From an order appointing receiver, respondent appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion of the court.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Error infected the order of the court appointing a receiver. 54 Ala. 466; 180 Ala. 350, 60 South. 931; 147 Ala. 340, 41 South.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

909; 201 Ala. 219, 77 South. 745; 142 Ala. 448, 38 South. 664, 4 Ann. Cas. 459; 160 Ala. 496, 49 South. 384, 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430; 19 Eng. Rul. Cases 609.

Cabaniss & Cabaniss, of Birmingham, for appellee.

The court properly dissolved the partnership and appointed a receiver. 27 Ala. 432, 62 Am. Dec. 771; 37 Ala. 201; 116 Ala. 247, 22 South. 531; 142 Ala. 444, 38 South. 664, 4 Ann. Cas. 459; 50 La. Ann. 228, 23 South. 281, 69 Am. St. Rep. 403, and notes; 23 N. J. Eq. 388; 30 Cyc. 458, 656; 187 Ala. 218, 65 South. 398; 106 Ala. 240, 17 South. 389; 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; 158 N. Y. 560, 53 N. E. 529.

SAYRE, J. Many years ago R. S. Allen established a brokerage business in the city of Birmingham. Allen employed appellant in said business until April 1, 1914, when the former sold to the latter a one-third interest in the business, which, thereafter and until the death of Allen, which followed in the same year, was conducted in the name of Allen & Duke. After Allen's death his widow, appellee in this cause, and appellant entered into articles of partnership for the purpose of carrying on the same business, Mrs. Allen having succeeded to all the interest of her deceased husband. By the terms of this most recent agreement appellee was to have a two-thirds interest, appellant a one-third interest, and appellant, who managed the business, was to receive a stipulated monthly sum as compensation for his services. About October 1, 1918, the parties agreed that the partnership was to terminate on October 1, 1919, and that in the meantime an arrangement was to be made by which one or the other should acquire the whole business. Negotiations to that end began in June, 1919, and from that time until (about) August 1st, appellant made a persistent, but unsuccessful, effort to have the business disposed of on a "give or take" basis. On July 10th appellant made an offer of terms for a settlement of the partnership, but this offer was not accepted, and appellant, August 1st, withdrew it. August 4th, appellee informed appellant of her willingness to accept his offer aforesaid, but at that time appellant declined to pay the sum he had last offered, and informed appellee that he had written to the various houses represented by the partnership to secure their commissions for business after October 1, 1919. Thereafter appellee entered into correspondence with said houses, soliciting their commissions for herself, saying that she would secure the services of a competent man to conduct the business. September 1, 1919, appellee filed her bill in this cause, praying a dissolution of the partnership, and that a receiver be appointed to take charge of the assets of the partnership, and "to operate the business until October 1, 1919." At that time the property of the firm, estimated to be worth not more than $1,000, was in the hands of appellant. The value of the good will of the firm was estimated at $2,000. September 19, 1919, the court entered a decretal order, appointing a receiver as prayed, and that order is now assigned for error.

In brief outline we have stated the facts as they were made to appear to the chancellor at the submission of appellee's motion for a receiver. In addition we reproduce a letter written by appellant to one of the houses represented by the firm of Allen & Duke, this for the reason that the writing of this and similar letters constitute the head and front of his offending against the uberrima fides of the law of partnership:

"Aug. 2, 1919.

"The N. K. Fairbank Co., New York, N. Y. —Gentlemen: The firm of Allen & Duke will be dissolved October 1, 1919. The writer will continue in business under the firm name of W. M. Duke Company, associated with me will be my two brothers, J. C. and R. E. Duke. R. E. Duke has been salesman for Allen & Duke several years, J. C. Duke has been with Allen & Duke as salesman the last four months, having come to us from Swift & Company, where he held a responsible position for many years.

"The new firm is only new in name, as the Allen interest has had no active part in the business since April, 1914. The writer has had the business in charge since April, 1914; and is the only person bonded since R. S. Allen's death in October, 1914. We desire to continue our connections with you under the firm name of W. M. Duke Company and do not deem it necessary to make new bonds, as I will be in complete charge of the business and as now wholly responsible for the new firm, as my two brothers associated with me will continue on the road as salesmen. Our entire present force will continue with us unless we later deem it advisable to make some changes.

"Please advise us by return mail if this arrangement will be satisfactory to you,
    "Respectfully,        W. M. Duke, by."

It will be noted that the only cause of complaint to which appellee can lay any just claim is that, pending the partnership and two months in advance of the agreed date for a dissolution, appellant sought to bring the houses, who had been in the habit of sending their commissions to the firm, into such relation with himself that, after the agreed date of dissolution, they would send their commissions to him; and the question at issue is whether this action on the part of appellant justified a dissolution and a receiver prior to that date. The parties had equal rights to their respective interests in the business and property of the firm, and each had an equal right of possession with the other, and the question, to state it in another form, is whether appellant, by solicit-

ing the connections of the firm in the manner and to the effect shown by his letters, so attempted to appropriate the good will of the firm—for he is charged with no wrong in respect of the current business—to his own benefit as that equity should interfere in order to preserve the value of the good will until a sale might be ordered after the agreed date of dissolution. A fact not heretofore stated may be noted in this connection: The firm had no lease beyond October 1st upon the premises where its business was being carried on, and the letters exchanged between the parties disclosed the fact that it was in contemplation, pending the negotiation for an amicable settlement, that the business should be removed to less expensive quarters.

[1, 2] Where substantial rights are involved the courts are slow to appoint a receiver as between parties whose relation to property in dispute and to each other entitles each to an equal right of possession, and, generally, in the absence of fraud, waste, or danger of loss or destruction, and where neither has excluded the other from his enjoyment of possession, rents, or profits, a receiver will not be appointed. 34 Cyc. 64.

In Didlake v. Roden Grocery Co., 160 Ala. 484, 492, 49 South. 384, 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430, Simpson, J., quoted an old English case to the effect that the good will of a trade is the probability that the old customers will resort to the old place, and he observed that where a dissolution of a partnership has been wrought, and nothing remains but the assets to be sold and distributed among the partners, the good will becomes very nebulous. However, he recognized other possibilities of good will by referring to definitions in 4 Words and Phrases, p. 3128. We may refer also to 2 Words and Phrases (Second Series) p. 762, where many definitions are quoted. In Douthart v. Logan, 86 Ill. App. 294, it was held, after great consideration of the authorities, that, in the absence of a special contract, there is no such thing as the good will in a partnership engaged in a commission business. The court said that they could see no reason why there should be a good will to such a business which could exist independent of special contract, more than in a business purely professional, as in the case of a physician or attorney at law.

In the present case, a dissolution, to take place within a very short time after the bill was filed had been agreed upon between the parties after which neither in the absence of an agreement with the other would have been entitled to use the firm name; the firm had no right to its place of business which would extend beyond the agreed date of dissolution. In these circumstances it seems too clear for argument that the firm would have nothing of value in the way of good will to dispose of; certainly there was nothing of that character which could be passed to the purchaser at a judicial sale. What then the propriety of a receivership?

As we have before noted appellee's only ground of complaint comes to this: That appellant in advance of the date agreed upon for a dissolution attempted by correspondence of which for a time appellee had no notice to engage for his own benefit the favorable consideration of the old customers of the firm. The letter copied above shows the complete nature of his effort. Our conclusion that this furnished no sufficient ground for a receivership does not require an approval of the ethics of appellant's action. It may be said in his favor, however, that before entering upon this correspondence he had made a persistent, but unsuccessful, effort to bring about an amicable settlement of the partnership affairs, and had made it clear to his correspondents, in a statement that was true, literally at least, that the partnership was to be dissolved, and that he desired to form connections for the time afterward. If it may be said that a nice regard for ethical considerations would have prompted him to inform his partner of his purpose in advance of its execution, still it is true, in our opinion, that he violated no legal right of the appellee. Equity is not administered for the punishment of conduct that may not meet the approval of the court, but for the conservation of substantial legal rights. Our judgment is that the motion for a receiver should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.