(93 South. 387)

### MUSGROVE et al. v. ACHAELIS.
### (6 Div. 580.)

(Supreme Court of Alabama. May 11, 1922.)

**1. Partition ⬯77(4)—Bill alleging that lands cannot be equitably partitioned held sufficient, without statement of facts showing impossibility.**

Bill seeking sale of lands for division of proceeds among tenants in common, alleging that the lands cannot be equitably partitioned or divided between the tenants in common, *held* sufficient to show the necessity for the sale for division, without a statement of the facts showing impossibility of equitable partition.

**2. Partition ⬯55(3)—Bill held not demurrable for uncertainty of description.**

In suit to sell lands for division of proceeds among tenants in common, bill describing the land as "the following described lands, situated in Walker county, Alabama, to wit: East half of southwest quarter and west half of southeast quarter of section 16, township 14 south, of range 7 west, except that part lying between town creek and tanyard creek, and except that part lying north of the Northern Alabama Railroad Company's right of way, south of East Nineteenth street and east of Alabama avenue, and except that part lying north of East Nineteenth street and east of town creek, in the city of Jasper, Alabama, according to the plat of Jasper, Alabama, made for Jasper Land Company by John S. Foster, engineer"—*held* not demurrable for indefiniteness and uncertainty of description; the description not being void on its face.

**3. Equity ⬯219—Bill not demurrable for insufficiency of portion of prayer constituting surplusage.**

In suit for sale in partition, in which the bill prayed for the payment of a reasonable attorney's fee to the complainants' solicitor as a part of the costs, the bill was not demurrable for failure to allege that the services of the solicitor were for the benefit of all the joint owners; such phase of the prayer being surplusage.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by Louise Achaelis against C. R. Musgrove, L. B. Musgrove, Zue M. Long, J. W. Cole, Joe G. Moore, and the Central Bank & Trust Company, as trustee, to sell lands for division of the proceeds. From decrees overruling their demurrers to the bill, defendants L. B. Musgrove, Zue M. Long, and C. R. Musgrove, appeal. Affirmed.

The bill alleges that the complainant and defendants are joint owners or tenants in common of the lands to be presently described, and further avers:

" * * * The said lands cannot be equitably partitioned or divided between complainant and said defendants, and the same should be sold for division between complainant and defendants, and the proceeds of such sale divided between the parties hereto according to the respective interests owned by them in said lands."

Paragraph 4 of the prayer reads:

"Complainant also prays that out of the proceeds of the sale of said lands the court will order the payment of a reasonable attorney's fee to complainant's solicitor herein as a part of the costs of this proceeding, and that if nec-

essary or deemed advisable that the court will order a reference to the register to ascertain and report the amount of such reasonable attorney's fee."

The writing made Exhibit A to the bill describes the lands in question as follows:

"The following described lands, situated in Walker county, Alabama, to wit: East half of southwest quarter and west half of southeast quarter of section 16, township 14 south, of range 7 west, except that part lying between town creek and tanyard creek, and except that part lying north of the Northern Alabama Railroad Company's right of way, south of East Nineteenth street and east of Alabama avenue, and except that part lying north of East Nineteenth street and east of town creek, in the city of Jasper, Alabama, according to the plat of Jasper, Alabama, made for Jasper Land Company by John S. Foster, engineer."

Demurrers take the objections: (a) That the description of the land is indefinite and uncertain; (b) that no statement of facts is made, showing that equitable partition cannot be had; and (c) that it is not averred that the services of complainant's solicitor are for the benefit of all the joint owners.

Ernest Lacy and Bankhead & Bankhead, all of Jasper, for appellants.

. The bill is defective in its prayer for solicitor's fee. Code 1907, § 3010.

A. F. Fite, of Jasper, for appellee.

Prayer for solicitor's fee is not necessary, and allowance thereof is proper, without reference thereto in the bill. 205 Ala. 180, 87 South. 803; 195 Ala. 560, 70 South. 733; 60 South. 391.

McCLELLAN, J. [1, 2] This bill, filed by appellee against L. B. Musgrove and others, seeks the sale of lands for division of the proceeds among tenants in common. The bill's averments of the necessity for the sale for division are sufficient. Musgrove v. Aldridge, 205 Ala. 189, 87 South. 803, and authorities therein cited. The description of the real estate is not void upon its face.

[3] The ground of demurrer addressed to the feature of the bill praying the ascertainment and payment of attorney's fees, in the contingency prescribed in the statute, was overruled without error; that phase of the prayer being surplusage. Smith v. Witcher, 180 Ala. 102, 105, 60 South. 391.

The decree overruling the demurrers of appellants is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.