THOMAS v. SKEGGS. (6 Div. 139.)

(Supreme Court of Alabama. May 14, 1925.)

1. Pleading ⬅8(2)—Averment that land cannot be equitably divided without sale is not a conclusion.

Averment in bill for partition that land cannot be equitably divided without sale is not a conclusion.

2. Partition ⬅55(1)—Omission of words "or partitioned" did not render bill objectionable.

Bill for partition, alleging that land cannot be equitably divided, but omitting words "or partitioned," did not render bill objectionable.

3. Partition ⬅55(4)—Special prayer held not to render bill demurrable on ground that it placed burden on respondents to show interest in land.

Special prayer in bill for partition, praying for division of land among joint owners, and adding "or such of them as may show themselves entitled to an interest therein," did not render bill demurrable on ground that quoted words placed burden on respondents to show interest in land.

4. Equity ⬅141(1)—Character of suit is determined from consideration of matters of substance in pleadings, and if bill has equity, conclusions and special prayers will not destroy it.

Character of suit is determined from consideration of matters of substance embodied in pleadings, and if, on facts, alleged bill has equity, conclusions and special prayer will not destroy that equity.

5. Partition ⬅55(4)—Special prayer seeking division of land among joint owners, who show themselves to have interest therein, held not to render bill demurrable.

If phrase "or such of them, as may show themselves entitled to an interest therein," was added to special prayer, in bill for partition of land among joint owners, under belief that such relief was obtainable under Code 1923, § 9334, allowing settlement of disputed questions of title in partition, such prayer would not render bill demurrable.

6. Equity ⬅138—Prayer for further or unwarranted relief does not render bill containing prayer for proper relief demurrable.

Bill stating equities and praying for proper relief is not demurrable on ground that prayer for further or unwarranted relief is conjoined.

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill in equity by W. E. Skeggs against Ella A. Thomas and others to sell lands for division of the proceeds. From a decree overruling her demurrer to the bill, respondent Thomas appeals. Affirmed.

E. W. Godbey, of Decatur, for appellant.

The prayer that the proceeds of sale be divided *upon* the named parties as may show themselves entitled subjects it to demurrer. 21 C. J. 679; Kuchenbeiser v. Berkert, 41 Ill. 172; Tantum v. Campbell, 83 N. J. Eq. 361, 91 A. 120; Gorham v. New Haven, 82 Conn. 153, 72 A. 1012; White v. Scofield, 84 Ga. 56, 10 S. E. 591; Van Epps v. Redfield, 68 Conn. 39, 35 A. 809, 34 L. R. A. 361; Turner v. Turner, 193 Ala. 424, 69 So. 503; Simmons v. Williams, 27 Ala. 507.

K. V. Fite, of Hamilton, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. [1, 2] This appeal is from a decree overruling the demurrers to the

bill as amended. The bill is "one seeking a sale of lands for division among the joint owners or tenants in common." The bill described the lands which are alleged to be jointly owned by the parties to this suit, and the interest of each is specifically averred. It is then alleged in paragraph 4 that the lands described in paragraph 2 of the bill are chiefly valuable for the timber and deposits of clay thereon, and that, "on account of the distribution and location of said timber and clay, there cannot be an equitable division among the joint owners without a sale thereof." It is objected by demurrer that the averment that the lands cannot be equitably divided without a sale thereof is a mere conclusion of the pleader. It has been held, however, that such averment is sufficient, and is an allegation of fact. Smith v. Witcher, 180 Ala. 102, 60 So. 391. Nor does the omission of the words "or partitioned" render the bill objectionable. Indeed, so far as this feature of the bill is concerned, the above authority is conclusive as to its sufficiency.

[3, 4] In the special prayer for relief we read the word "upon" as a typographical error, self-correcting, and as intended for the word "among." So understood, the special prayer appropriately seeks a sale of the land for division among the joint owners named in the bill. There is also the general prayer for relief. But it is insisted the special prayer is defective, in that just following the above language as to division among the joint owners named, the pleader has added the words "or such of them as may show themselves entitled to an interest therein," and renders the bill demurrable in that it places the burden on respondents to show their interest. These added words to the special prayer, however, could have no such effect. "The real character of a suit in equity is to be determined from a consideration of the matters of substance embodied in the pleadings. * * * If upon the facts alleged the bill has equity, conclusion of the pleader and the special prayer will not destroy that equity." McDonnell v. Finch, 131 Ala. 85, 31 So. 594.

[5, 6] The pleader may have had in mind the provision now embraced in section 9334, Code 1923, as to disposition and settlement of all disputed questions of title and ownership in cases of this character, but however that may be, these added words did not render the bill demurrable. It is well settled that "a bill stating equities and praying for proper relief is not demurrable for the reason that a prayer for further, but unwarranted, relief is conjoined. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Pickens v. Clark, 203 Ala. 544, 84 So. 738; 5 Michie Dig. p. 511.

The bill is not subject to the demurrer interposed thereto, and the decree overruling the demurrer will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.