(130 So. 197)

## CARROLL v. HANAHAN.

### 7 Div. 945.

Supreme Court of Alabama.

Oct. 9, 1930.

J. K. Brockman, of Birmingham, for appellee.

ANDERSON, C. J.

The bill of complaint seeks both a reformation and foreclosure of the mortgage and, as to the latter, contains equity. As to the reformation, the prayer to this extent is needless and of no effect, as the bill shows upon its face that the mortgagor and mortgagee had already voluntarily changed the mortgage in the particular as to which the reformation is sought.

As we view this case, the only point presented for review upon this appeal is whether or not this appellant, Carroll, who is a surety upon the notes which the mortgage was given to secure, is entitled to a release because of the correction or change made in the mortgage by the parties thereto without his knowledge or consent.

William S. Pritchard, J. D. Higgins, and James W. Aird, all of Birmingham, for appellant.

As a general rule, a surety has the right to stand upon the letter of his contract, and if any material alterations or changes are made by the parties thereto without his knowledge or consent in the contract or obligation, the performance of which is secured, he is dis-

**554**

charged. Bright v. Mack, 197 Ala. 214, 72 So. 433; Brown v. Johnson, 127 Ala. 292, 28 So. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134; Anderson v. Bellenger, 87 Ala. 334,. 6 So. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; Mackay v. Dodge, 5 Ala. 388. It is also settled in this and other states that an alteration or change in the contract or obligation must be material in order to discharge a surety thereon. Anderson v. Bellenger, supra; 50 C. J. page 121, § 201.

The only change made in the mortgage was the substitution of Shelby for Jefferson county as to the location of the land and the place of sale in case of a foreclosure under the power. The description of the land as per government survey was not changed and which fixed the land in Shelby county and shows that the original recital of Jefferson county was inaccurate and inadvertently made as well as the recital that the sale was to be made in front of the court house· of "Jefferson County" instead of Shelby county. Moreover, the law fixed Shelby county as the place of sale, as the mortgage was made subsequent to September 29, 1923. Section 9016 of the Code of 1923 says:

"After September 29, 1923, all sales of real estate, under powers of sale contained in mortgages and deeds of trust shall be held in the county where all or part of said real estate is situated."

Section ·9018 says:

"All sales of real estate, made under powers contained in mortgages or deeds of trust contrary to the provisions of this article, shall be null and void, notwithstanding any agreement or stipulation to the contrary."

The fact that the prayer of the bill may have· sought greater relief than the facts set out warranted did not render the bill subject to demurrer. Thomas v. Skeggs, 213 Ala. 159, 104 So. 395; Booth v. Bates, 215 Ala. 632, 112 So. 209.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.