164 So. 736

**WATSON et al. v. WATSON.**

4 Div. 857.

Supreme Court of Alabama.

Dec. 19, 1935.

Mulkey & Mulkey, of Geneva, for appellants.

O. S. Lewis, of Dothan, and H. Grady Tiller, of Geneva, for appellee.

KNIGHT, Justice.

This is the second appeal in this case, the first appeal appearing in 229 Ala. 570, 158 So. 526, 527.

On the first appeal we held the bill contained equity, but, in our opinion, it was subject to the demurrer of respondents to that feature which sought to have the transfer of the personalty (paragraph five) to Watson Bros., Inc., set aside as fraudulent against the complainant, a judgment creditor of the grantor.

In respect to this transfer, we were of the opinion, and so held, that, for aught averred to the contrary, the transferee was an existing creditor in an amount equal to the value of the property, and that the conveyance was made to satisfy the debt.

It is further said in the opinion on former appeal: "There is, as to personalty, no effort of description, and no indication of any inability on complainant's part to more definitely point out the property alleged to have been fraudulently transferred, and which is sought for condemnation to complainant's indebtedness. 27 Corpus Juris, 769. The averments of paragraph 5 were therefore also deficient in the matter of description."

On the reversal and remandment of the cause, the complainant struck out original paragraph five, and added in lieu thereof the following: "(5) That J. P. Watson without consideration, and for the purpose of hindering, delaying and defrauding complainant, transferred or conveyed to Watson Brothers, Incorporated, a corporation, on to-wit: March 30th, 1932, his entire interest in and to Watson Brothers Incorporated, being a one-fourth undivided interest therein, and all of his personal property, the exact nature and character of which is unknown to complainant, and she is unable to set forth a description thereof, and the said Watson Brothers Incorporated participated in said fraudulent intent."

While the general rule recognized by the authorities is, that the bill must give a definite description and identification of the property alleged to have been fraudulently conveyed, yet where the complainant is unable to give a description of the same, and it is so averred in the bill, the law does not require the impossible. Hartzog et al. v. Andalusia Nat. Bank, 222 Ala. 170, 131 So. 433.

While the bill in this cause does not seek discovery, yet in the absence of a specific ground of demurrer taking the point that discovery is not sought, the bill must be treated as sufficient where it appears from its averments that the complainant is unable to set forth a description of the property.

In so far as the points taken by the demurrer are concerned, the amendment made on the remandment of the cause to the circuit court cured all defects pointed out in our former opinion.

The appellants call our attention to the fact that, on the first appeal, this court made no pronouncement on the demurrer to that phase of the bill which seeks counsel fees for the prosecution of this suit. They insist now that we should pass upon this feature of the bill, inasmuch as the question is presented by respondents' apt ground of demurrer.

The claim for attorney's fee is to be treated, not as an asserted ground of equitable relief, subject to demurrer, but rather in the nature of information to the court that such claim is asserted to be dealt with when, and if, occasion arises.

In the case of Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909, 911, it was observed:

"The right to attorney's fees does not accrue before or on the filing of the bill, but both the right and the proper measure of allowance depend upon the results obtained. They are then limited to compensation for such services as have accrued to the common benefit of all the beneficiaries, as distinguished from services relating to the individual interest of the client. * * *

"It follows that any advance adjudication upon what services in the case may call for an allowance of attorney's fees is premature. The cause having proceeded only to the filing of the bill, the demurrer, and decrees thereon, no relief having been granted working benefit to any of the parties litigant, the question of attorney's fees is a moot question."

It follows, therefore, that we will not at this stage of the case undertake to determine a question that may never arise.

We are at the conclusion that, as for any grounds of demurrer assigned, the court

committed no error in overruling demurrers of respondents, and the decree will be here affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.