1 So.2d 649
### LATIMER et al. v. MILFORD.
#### 4 Div. 201.

Supreme Court of Alabama.
April 17, 1941.

BROWN, Justice.

This appeal is from an interlocutory decree of the Circuit Court, sitting in equity,

148

H. Grady Tiller, of Geneva, for appellants.

necessary a sale of some or all of it, alleging that the parties are joint owners or tenants in common of it all, in the same proportion as to each part of it, and asks for an attorney's fee. All the interested parties are made complainants except one, who is made a respondent. This respondent filed a cross-bill.

The question here is on the ruling on demurrer to the cross-bill. Complainants take the appeal from a decree overruling their demurrer.

The cross-bill alleges that the parties are partners, and not merely tenants in common, seeking a dissolution of the partnership, a sale of the assets in order to make distribution, and, if necessary, the appointment of a receiver, and a reasonable attorney's fee for her solicitor.

The original bill gives a detailed description of the property, consisting of nine separate tracts of land; notes receivable of $80,000, secured and unsecured; accounts of $49,768.42, and of cash in the bank of $5,000, and much other personal property, and that they owe, to-wit, $2,000.

It is alleged in the cross-bill that this situation is the result of an old partnership of Johnson and Latimer. That Johnson died first, and his heirs and representatives continued the partnership by agreement with Latimer. That soon afterward Latimer died, and the heirs and representatives of both continued the partnership, thereby forming one of their own under the management of a son of Johnson and a son of Latimer. That the parties are the heirs and distributees of the elder members of the firm, and are the partners of the new one. There is no allegation of mismanagement or charges or countercharges of any kind, nor other complications.

Complainants demur to the cross-bill as a whole principally because there is no occasion for a cross-bill, since all relief there sought is available in the bill as filed or as may be amended. They demur to that aspect seeking a receiver because no necessity for such appointment is shown. They also demur to that aspect which seeks to have allowed a solicitor's fee because the cross-bill does not show that she is entitled to such allowance.

By way of illustrating the fact that relief is available on the original bill, subject to amendment, complainants amend their original bill before the court acted on the demurrer so as to set up their version of

Mulkey & Mulkey, of Geneva, and Albert J. Pickett, Jr., of Montgomery, for appellee.

FOSTER, Justice.

The original bill sought division of certain property, real and personal, and if

their status, not disagreeing in the most material respects with the facts alleged in the cross-bill, and praying that the court determine whether their status is that of a partnership, and, if so, that it be dissolved and its affairs settled and assets distributed, and a sale and division made, and for general relief. The original bill was not framed to accomplish the result sought by the cross-bill, though it may have been subject to amendment as was later done, to cover the issues as made by it.

The allegations of the cross-bill show the existence of a partnership continuing to that time, though both the original partners had died. The business subsequently carried on is alleged to have been under an agreement whereby a new partnership was created distinct from the old formed by different persons. This created a status different from that which resulted merely from the death of the partners. Lee v. Wimberly, 102 Ala. 539(5), 550, 15 So. 444; 47 Corpus Juris 1070, section 657.

A cross-bill is proper when it sets up new matter not in the original bill and prays for affirmative relief, or presents the same subject matter in a different aspect; or, as otherwise expressed, to obtain relief for any cause connected with or growing out of the bill. Section 6550, Code, as amended by Act of March 1, 1937, General Acts 1936–37, page 208; Emens v. Stephens, 233 Ala. 295, 172 So. 95; Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621; Davis v. Anderson, 218 Ala. 557, 119 So. 670.

But a cross-bill will not be entertained when the party filing it can obtain full relief in the process of adjudicating the issues tendered by the original bill. Wood v. Amos, 236 Ala. 477, 183 So. 639; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

True, the original bill could have been amended to set up the matter contained in the cross-bill, and this was done after the cross-bill was filed. But the original bill would not be appropriate to relief when the facts are as alleged in the cross-bill. The cross-bill did bring forth new matter in respect to the subject of the original bill, presenting that subject in a new light involving different equitable procedure and rights. It was not within the issues made in the original bill, and an amendment of it was necessary to bring forward such new matter there set out. The relief as prayed for in the cross-bill was not available on the facts alleged and prayer contained in the original bill. The demurrer to the cross-bill as a whole was properly overruled.

#### The Prayer for a Receiver.

When a right is shown to dissolve a partnership, equity will, on a bill seeking a dissolution, appoint a receiver when in its judgment one is necessary to the proper settlement of its affairs. Bard v. Bingham, 54 Ala. 463; Gillett v. Higgins, 142 Ala. 444, 38 So. 664, 4 Ann.Cas. 459; Brooke v. Tucker, 149 Ala. 96, 43 So. 141; Duke v. Allen, 204 Ala. 15, 85 So. 286.

The cross-bill does not undertake to set forth facts thought to be sufficient to show the necessity for a receiver. It does not pray for the appointment of a receiver unless it may be shown to be necessary. There is no immediate effort to have a receiver appointed. The cross-bill should not be so interpreted. So that there is no reason for sustaining a demurrer to that aspect of it.

#### Solicitor's Fee for Cross-complainant.

Insofar as the cross-bill seeks the allowance of a solicitor's fee, we cannot hold it is subject to demurrer. To permit such an allowance, after original proceedings have been begun, it must appear that original counsel had not been employed to render the same service or had failed in that respect. But the whole subject of such allowance is a matter of judicial determination in the discretion of the judge when the matter of its allowance comes before him, and it is subject to review by this Court. Matthews v. Lytle, 220 Ala. 78, 124 So. 197; Spence v. Spence, 239 Ala. 480, 195 So. 717; Sections 6261, 9319, Code.

A cross-bill, to the extent that it seeks a solicitor's fee, is not properly tested by demurrer. Smith v. Witcher, 180 Ala. 102, 60 So. 391; Musgrove v. Achaelis, 207 Ala. 479, 93 So. 387; Watson v. Watson, 231 Ala. 345, 164 So. 736.

Moreover, a bill stating equities and praying for proper relief is not demurrable on the ground that prayer for further or unwarranted relief is conjoined. Thomas v. Skeggs, 213 Ala. 159, 104 So. 395; Booth v. Bates, 215 Ala. 632(14),

112 So. 209; Carroll v. Hanahan, 221 Ala. 553(4), 130 So. 197.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.