66 So.2d 896

**HANSON et ux. v. CITIZENS BANK OF ONEONTA.**

**8 Div. 701.**

Supreme Court of Alabama.

Aug. 6, 1953.

Johnson & Randall, Oneonta, for appellants.

Scruggs & Scruggs, Guntersville, and Nash, Nash & Starnes, Oneonta, for appellee.

MERRILL, Justice.

This is an appeal from an interlocutory decree of the Circuit Court, in equity, of Marshall County overruling demurrers to the bill of complaint.

The appellee, Citizens Bank of Oneonta, filed this bill of complaint to foreclose five real estate mortgages, alleged to have been executed by the appellants, J. A. Hanson and Reba Hanson. From the averments of the bill it appears that J. A. Hanson was originally indebted to appellee in the sum of $40,000, which was secured by one of

the mortgages. This mortgage was transferred to the Huntsville Production Credit Association in 1947, and after giving various other notes and mortgages the total indebtedness to Huntsville Production Credit Association in December 1950, including $3,000 attorneys' fees, was $38,928.-90. By April 1951 this indebtedness was reduced to the sum of $7,753.66, and this indebtedness and the mortgages securing same were transferred to the complainant. The appellant Hanson became indebted to the complainant in the further sum of $7,000, and he and his wife executed a mortgage securing the total indebtedness, which is now alleged to be $11,367.65.

Complainant's bill is filed by Scruggs and Scruggs and Nash, Nash and Starnes. Claud D. Scruggs and Edward N. Scruggs, who compose the firm of Scruggs and Scruggs, are made parties respondent because, it is alleged, that they are the holders of a certain judgment rendered in the Circuit Court of Marshall County, Alabama, in January 1951 against J. A. Hanson for the sum of $645 and $11.60 court costs, and that said judgment is recorded in the probate office of Marshall County, and that the judgment has not been paid, and that the same is a lien upon the lands described in the mortgages which are sought to be foreclosed.

The prayer of the bill is that the court by decree will adjudge the rights of all the parties in and to the mortgages, ascertain the amount due on the judgment, the notes and mortgages, and provide for the register to sell the lands described in the mortgages if the respondent J. A. Hanson fails to pay the amount ascertained by the court to be due.

Respondents have three assignments of error, but all are included in the first which is as follows:

"The Circuit Court of Marshall County, Alabama, in Equity, from which this case is appealed, committed reversible error in overruling the appellants' demurrers to the bill of complaint."

This assignment has been held sufficient. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509.

We now consider those grounds which are argued in brief.

(1) The averments are too vague, indefinite and uncertain in that complainant "brings this bill of complaint against J. A. Hanson, Reba Hanson, Claud D. Scruggs and Edward N. Scruggs, partners doing business as Scruggs and Scruggs." If that were the only averment as to the parties respondent, there would be merit in appellant's contention, but any vagueness or uncertainty is dispelled by the first sentence of the prayer of the bill, a part of which is as follows: "The complainant therefore prays that proper process issue to said J. A. Hanson, Reba Hanson, Claud D. Scruggs and Edward N. Scruggs, said last two defendants partners doing business as Scruggs and Scruggs, making them all parties respondent" etc.

(2) The bill is multifarious in that said Claud D. Scruggs and Edward N. Scruggs are not interested in the subject matter of this suit and are in no way connected with the subject matter of this suit. The bill here is within the purview of Equity Rule 15, Title 7, appendix, Code 1940, and the bill shows on its face that the Scruggs are interested in and connected with the land; also they were properly made parties under Equity Rule 101. See Rogers v. Gonzalez, 252 Ala. 313, 40 So.2d 858.

(3) That aspect of the bill which seeks to recover attorneys' fees is bad because the bill shows that the respondents have already paid attorneys' fees on the mortgages.

This Court said in Watson v. Watson, 231 Ala. 345, 164 So. 736, 737:

"The claim for attorney's fee is to be treated, not as an asserted ground of equitable relief, subject to demurrer, but rather in the nature of information to the court that such claim is asserted to be dealt with when, and if, occasion arises." See Farmers Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909, and as to solicitor's fee in a cross-bill see Latimer v. Milford, 241 Ala. 147, 1 So.2d 649.

(4) That aspect of the bill which seeks to enforce the alleged judgment lien

is faulty because it fails to set out the substance of the alleged judgment certificate. As stated above, Equity Rule 101 applies here. It reads:

"In mortgage suits, it shall be sufficient to bring in subsequent incumbrancers to state that they claim some interest in the subject of the bill and pray for a summons to them to answer; and the court shall have power to decree a sale, and direct the proceeds to be brought into court, without adjusting the priorities between such parties, unless there be some equity shown which makes it necessary; and any person, whether a party to the suit or otherwise, shall have the liberty to present his claim, by petition to the court, for the proceeds of the sale before distribution."

The bill alleges that Scruggs and Scruggs are made parties respondent for the purpose of conveying the full title to the property if and when it is sold by order of court.

It follows that the demurrers were properly overruled and the decree of the trial court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.