## OLIVER v. HUTTO, use, &c.

1. Where a writ is sued out against two joint makers of a promissory note, and served on one only, but the declaration is against both, it is not necessary to enter a discontinuance on the record, as to the party not served with process; if no judgment is rendered against him, this is in legal effect, a discontinuance, and the judgment against the defendant before the court, will be regular.

WRIT of Error to the Circuit Court of Pike.

This was an action of *assumpsit*, on a promissory note, at the suit of the defendant in error, against the plaintiff and one Wilkinson. The writ was executed on the former, and returned 'not found,' as to the latter; the declaration pursues the writ without noticing the defect of service thereof; and the judgment

is rendered against the plaintiff alone, without expressly discontinuing the suit as to Wilkinson.

BUFORD, for the plaintiff in error.—As to the party not served with process, the action should have been discontinued; and the failure to do this is fatal to the judgment.

No counsel appeared for the defendant.

COLLIER, C. J.—The second section of the act of 1818, " for the better regulation of judicial proceedings," enacts, whenever a writ shall issue against any two or more joint, or joint and several obligors, or drawers, &c. of any such bond, promissory note, &c., it shall be lawful for the plaintiff, at any time after the return of the writ, to discontinue such action against any one or more of the defendants on whom the writ shall not have been executed, and proceed to judgment against any one or more of the defendants on whom the writ shall have been executed, &c.— [Aik. Dig. 267.] The question raised upon this statute is, whether it should be shown by the record that the plaintiff did, in express terms discontinue his suit as to the defendant not served with process. In Williams, et al. v. Lewis, [2 Stew't Rep. 41,] it was said that a discontinuance should be thus shown. And in McRae & McMillian v. Foster, [2 Stew't & Porter's Rep. 143,] it was considered sufficient for the plaintiff to state in his declaration that he discontinues as to the defendant upon whom the writ has not been executed. So, in Wheeler, et al. v. Bullard, [6 Porter's Rep. 352,] the court held, that leave granted to discontinue would operate a discontinuance as to the defendant not before the court, though no formal judgment was entered. [See also, Smith v. Blakeney, 8 Porter's Rep. 128.]

In neither of the cases cited but the first, does the court undertake to say, that the plaintiff should cause the discontinuance to be entered upon the record; and there the remark seems to have been made without much consideration, after it had been determined to reverse the judgment upon another ground. We shall not therefore feel ourselves bound by that decision, but shall treat the question as entirely open. The more reasonable rule in our opinion seems to be, not to require a discontinuance, either by a recital in the declaration, or an entry of record, but to consider the judgment as sufficient where such will be its legal effect. In

the present case, the judgment against the defendant served with process, so operates as to put an end to the suit. It is a practical discontinuance as to the party not served, and as to him the action cannot be reinstated without his consent.

But if this view were erroneous, it might be asked how the plaintiff in error has been prejudiced by the failure to discontinue the action as to the party sued with him. He is precisely in the same predicament as he would have been if the most formal entry had been made, and it may well be questioned, if he can allege an irregularity that does not affect him. Be this as it may, the judgment must be affirmed.