## GRAYHAM & CHRISTIAN v. ROBERDS.

1. The writ was returned executed on C. only, who pleaded, as to G. there was no return ; the declaration was against both G. and C., and both their names were stated as defendants on the margin of the judgment entry, which recited that the parties came by their attorneys, and thereupon came a jury, &c., " *to try the issue joined,*" who find for the plaintiff, the amount of debt declared for, with damages : Thereupon it is considered " that the plaintiff recover of the de-fendants the aforesaid debt," &c.: *Held,* that they only were parties who had united in the issue tried ; that the judgment was a consequence of the verdict and intended to conform to it ; and that the substitution of the word " *defendants*" for *defendant,* would be treated as a mere clerical misprision.

Writ of error to the Circuit Court of Jackson.

THIS was an action of debt at the suit of the defendant in er-ror. The writ was returned executed on the defendant only, who pleads payment and set off ; as to the defendant, Grayham, there was no return. The plaintiff declared against both the defendants, and the following entry appears in the record of the trial, verdict and judgment : " Letty Roberts v. John Gray-ham and William H. Christian. Came the parties by their at-torneys, and thereupon came a jury of good and lawful men, to wit: Matthew Washington and eleven others, who, being impannelled, sworn and charged well and truly to try the is-sue joined, upon their oaths do say, we, the jury, find for the plaintiff, to the amount of one hundred and forty-one dollars and ninety-five cents, the debt in the plaintiff's declaration mentioned ; also, the sum of twenty dollars and fifty cents dam-ages, for the detention of the same. It is therefore considered by the Court, that the plaintiff recover of the defendants the aforesaid debt and damages, as by the jury aforesaid assessed, and also for her costs," &c.

C. C. CLAY, Jr., for the plaintiffs in error, insisted that pro-cess was never served on Grayham, and that a judgment was rendered against him, although he did not appear in person or by attorney. [Williams v. Lewis, 2 Stew. Rep. 41 ; Gilbert, et al. v. Lane, 3 Porter's Rep. 267.]

Grayham & Christian v. Roberds.

No counsel appeared for the defendant in error.

COLLIER, C. J.—The legal effect of the omission of the sheriff to make a return of the process as to Grayham, has been heretofore held to be equivalent to an affirmation by the sheriff, that he could not be found.   This being the case, it is clear that he was not subject to a judgment, and the only questions are, whether the record shows an appearance by him, and whether the judgment has been rendered against him.   In Puckett v. Pope, 3 Ala. Rep. 552, it was held, that where there are two defendants, only one of whom was served with process, and pleads, and the judgment entry recites that the parties came by their attorneys, and thereupon came a jury, &c., it will be intended that they only came, who had made up an issue to be tried.   [See also, Catlin, Peeples & Co. v. Gilder's Ex'rs. 3 Ala. Rep. 536.   Where a writ is sued out against two joint makers of a promissory note, and served on one only, but the declaration is against both, it is not necessary to enter a discontinuance on the record, as to the party not served with process; if no judgment is rendered against him, this is in legal effect a discontinuance, and the judgment against the defendant before the Court will be regular.   [Oliver v. Hutto, 5 Ala. Rep. 211.]

The cases cited from 3d Ala. Reports, show, that as the defendant who was served with process, alone appeared and pleaded, it cannot be inferred from the recital in the judgment, that the other defendant who was no party to the issue, submitted himself to the action of the Court.   The case in the fifth volume establishes, that although a party not served with the writ is declared against, yet if no judgment is taken against him, his co-defendant cannot, on error, insist that a discontinuance was entered—the failure to take judgment operating a discontinuance.

The judgment rendered in the present case, must be regarded as a consequence of the verdict, and intended to conform to it, and not affecting other persons than those who were parties to the issue tried.   The use of the word "defendants" instead of the singular, *defendant*, according to repeated decisions, will be treated as a mere clerical mistake, upon the principle, that whenever it is apparent that the plural was unintentionally substituted for the singular, or *vice versa*, it shall not affect the regularity of the judgment.

The judgment upon the verdict is the only one that has been rendered, and from what has been said, it results that the assignment of error is not supported by the record. If an execution should be issued against Grayham, it may be superseded on petition, or quashed on motion.

The judgment is affirmed.