POLLARD v. STANTON.

1. Although the perception of profits, as such, imposes on the person receiving them, all the obligations of a partner as to third persons, as between themselves they may by their own contract, regulate their respective liabilities in any manner they think proper; and may therefore stipulate, that one shall not be liable for the debts of the firm.

Error to the Circuit Court of Montgomery.

ASSUMPSIT by the plaintiff, against the defendant in error, for money paid, laid out, and expended.

Upon the trial, it appeared, that the plaintiff paid to the Planters and Merchants' Bank two notes of $12,180 62, each, signed by Charles Labuzan and Benjamin Stanton, Jr., as principals, and Charles Barny & Co., and the plaintiff, as sureties. There was evidence conducing to prove, that the plaintiff had been connected in mercantile business, as a partner, with the defendant in the following firms, viz: one, under the name of B. Stanton, Jr., in Mobile, which was afterwards merged in the firm of Labuzan & Stanton, in which they were both likewise partners; one in Montgomery under the style of Stanton, Pollard & Co., and one in Columbus, Mississippi, under the style of B. & W. Stanton. That there had been a dissolution of all the firms in the fall of 1836. There was some evidence conducing to show, a general and final settlement of all matters of partnership in all these concerns in July, 1838, by which Stanton fell in debt to Pollard, and other evidence tending to prove, that there were unsettled matters between them at a later period.

There was also in evidence an article of dissolution of co-partnership between the plaintiff, defendant, and Labuzan, dated the 16th November, 1836, by which it was agreed between those constituting the firm of Labuzan & Stanton, that the house should be dissolved, and that Labuzan should con-

96

tinue the business in his own name. That Stanton should de-
vote himself to the close of the business of Stanton & Pollard,
and Labuzan & Stanton. That Pollard should close the bu-
siness of Stanton, Pollard & Co., in Montgomery, and do all
that he could to pay the balance due by that house to Labu-
zan & Stanton, and that he should draw all bills, which were
necessary to assist in closing the business of S. P. & Co. in his
own name, on Benj. Stanton, Jr. That for the sale of cotton
shipped by Stanton, Pollard & Co., and D. & W. Stanton, com-
missions should be regularly charged, and that at the close of
the season, an equal division of the profits should take place,
made by Charles Labuzan; but if the profits did not amount
to $3,500 each, that amount was to be secured to Labuzane,
and the residue, if any, be divided between the other two.
It being expressly understood, that the said Stanton & Pollard
are not partners of Charles Labuzan, but that the share of
the profits to be paid to the said Stanton & Pollard, is in con-
sideration of their relinquishment of business in Mobile."

There was evidence conducing to show, that the notes paid
by Pollard, for payment of which this action was brought,
were the last of a series of extension notes, given under the
act of 1837, and that the notes and bills consolidated in that
settlement, were notes and bills, to which the parties were, C.
Labuzan, Ben. Stanton, Jr., and D. & W. Stanton; the bill to
which the latter firm was a party, being dated 9th February,
1837; and some evidence conducing to show, that said bills
and notes were given to take up notes and bills, to which the
old firm of Labuzan & Stanton, were parties, but that the
names of Labuzan & Stanton no longer appeared on said
notes and bills.

The plaintiff asked the Court to charge the jury, that the
articles of dissolution of the firm of Labuzan & Stanton, to
which both plaintiff and defendant were parties, estopped the
defendant from setting up in this action—that plaintiff was a
partner in the house styled C. Labuzan, and as such bound on
paper signed after the date of said articles by Labuzan. This
charge the Court refused, and charged, that said articles con-
stituted a new copartnership, as to other persons, under the
style of C. Labuzan, of which plaintiff and defendant were
partners, and that the jury had in this action a right to consid-

er, whether, under said copartnership, plaintiff was not bound to the Planters & Merchants' Bank, on the notes signed by C. Labuzan, which were extended by the notes taken up by plaintiff.

The plaintiff further asked the Court to charge, that the taking up of papers signed by the old firm of Labuzan & Stanton, and substituting paper signed by C. Labuzan and B. Stanton, Jr., destroyed the indebtedness of Pollard, in his character of partner of the firm of Labuzan & Stanton. This charge the Court gave, with this qualification, that though plaintiff's indebtedness in that character was destroyed, yet that the articles of dissolution of that firm made him a partner as to third persons, in the house styled C. Labuzan, and that if the jury believed, that as a partner under these articles, or in any other way, he was bound to the Bank on the paper extended, so as to place him in a different attitude from an accommodation indorser, he was not entitled to recover in this action.

To the charges given and refused, the plaintiff excepted, and now assigns for error.

HAYNE, for the plaintiff in error, contended, that it was entirely competent for partners, to stipulate, that one member of the firm should not be bound for its debts, and although this would not be binding on third persons, it would be between themselves. He cited Story on Partnership, § 1, 18, 20, 22, 23, 30, 32, 49, 63.

HARRIS, contra.

ORMOND, J.—Both the charges given by the Court, are based upon the assumption, that, because by the articles of dissolution of the old firms of B. Stanton, Jr., Labuzan & Stanton, Stanton, Pollard & Co. and B. & W. Stanton, and the establishment of the new house in Mobile, of Charles Labuzan, it was stipulated, that Pollard & Stanton, should receive a portion of the profits of the business of Charles Labuzan, they thereby become partners of the new house of Charles Labuzan, as to third persons. This may be conceded, and yet it does not necessarily follow, that they are partners as between each other. Although they could not stipulate that one who was to receive a portion of the profits, should not be res-

ponsible to the creditors of the firm for its debts, yet, it was entirely competent for them to agree, that as between each other, the common incidents of a partnership should not follow; and this they have explicitly done in the closing article, in which it is stated, " that they should not be *partners* of Charles Labuzan."

No principle of the law of partnership is better established, than this, that whilst the perception of profits, as such, imposes on the person receiving them, all the obligations of a partner as to third persons, as between each other, they may by their own contract, regulate their respective liabilities, in any manner they think proper. [Gow. on Part. 13, and cases cited; Hesketh v. Blanchard, 4 East, 144; Winship v. The Bank of the United States, 5 Peters, 530.]

This proposition is directly denied by the Court, in both of its charges to the jury, and the jury are in effect told, that because the Planters and Merchants' Bank could have recovered from the plaintiff as a partner of Charles Labuzan, that therefore the plaintiff cannot recover from Labuzan, although he paid the debt as the surety of the house of Charles Labuzan. Now there can be no doubt, that partners may stipulate between each other, that one shall receive a portion of the profits, and shall not be bound for the debts, or losses of the firm, and that as between themselves such a stipulation will be binding; such in effect was the engagement in this case.

No question is made upon the record, as to the liability of the plaintiff, for the debts of the old firms, as the Court conceded, that by the substitution of the paper of C. Labuzan and B. Stanton, for that of the old firms, the liability of Pollard as partner was destroyed; nor does the record furnish us with the means of determining, whether any such liability continues, or not, and we therefore express no opinion upon it.

Let the judgment be reversed, and the cause remanded,