(108 So. 518)

## CARSWELL v. B. F. KAY & SON.
### (8 Div. 846.)

(Supreme Court of Alabama.   April 15, 1926.
Rehearing Denied May 20, 1926.)

1. **Appeal and error** ⧶880(2)—Defendant may not complain of failure of court to take formal action on plaintiff's motion to dismiss another defendant (Code 1923, § 5718).

In view of Code 1923, § 5718, where plaintiff has moved to dismiss one of defendants, defendant, against whom action is continued, may not complain of failure of court to take formal action on motion.

2. **Appeal and error** ⧶880(2)—Negligible difference in cost in preparation of final record and judgment because of failure of court to take final action on plaintiff's motion to dismiss one defendant held no just cause for complaint by other defendant.

Where court failed to take formal action on plaintiff's motion to dismiss defendant against whom there was no service, difference in cost of preparation of final record of proceedings and judgment in cause, being negligible and to advantage of remaining defendant, *held* not ground for complaint by him on his appeal from adverse judgment.

3. **Appeal and error** ⧶1011(1).

In action on account seeking to bind defendant as partner, finding of partnership, on conflicting evidence, by court sitting without jury will not be disturbed on appeal.

4. **Partnership** ⧶141.

Parol order by one of partners operating country sawmill *held* to justify credit to partnership for supplies furnished its employees.

5. **Partnership** ⧶217(3)—In action on account seeking to hold one partner for goods purchased by other, inclusion of item for cloth furnished daughter of latter held not ground for disputing judgment, in view of evidence of approval of account.

In action on account seeking to hold one partner for goods purchased by other, inclusion of one item consisting of cloth furnished to daughter of latter *held* not ground for reversing or correcting judgment, in view of evidence that parties afterwards went over entire account, and that item was included on list approved.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action on account by B. F. Kay & Son against F. L. and G. A. Carswell, doing business as Carswell & Carswell. From a judgment for plaintiff, defendant F. L. Carswell appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

E. W. Godbey, of Decatur, for appellant.

In the absence of any partnership repute, or proof of partnership declaration, plaintiff has no claim as for a holding out or estoppel. 30 Cyc. 394. It was not within the scope of partnership authority to bind the firm for cash advanced and piece goods. Childers v. Neely, 47 W. Va. 70, 34 S. E. 828, 49 L. R. A. 468, 81 Am. St. Rep. 777; Harris v. Mayor, 73 Md. 22, 17 A. 1046, 20 A. 111, 985, 8 L. R. A. 677, 25 Am. St. Rep. 565; Yarbrough v. Donoghue, 134 Miss. 578, 99 So. 380. It was error to render judgment against appellant, without any judgment as to his codefendant. 33 C. J. 1118; Kennedy v. Russell, Minor (Ala.) 77.

A. J. Harris, of Decatur, for appellee.

Appellant suffered no injury by failure of the court to enter a discontinuance as to his codefendant. Code 1923, § 5718; Oliver v. Hutto, 5 Ala. 212. The case was tried by the court without a jury, and the judgment should not be disturbed. Malone v. Reynolds, 213 Ala. 681, 105 So. 895; Fleming v. Moore, 213 Ala. 592, 105 So. 679. Direct positive proof of the partnership is not required. Cain Lbr. Co. v. Standard D. K. Co., 108 Ala. 349, 18 So. 882.

SAYRE, J. [1] The action was against F. L. Carswell and G. A. Carswell as partners. No service was had on G. A. Carswell. At the trial plaintiff moved to dismiss the suit as against G. A. Carswell; but the record discloses no formal action on this motion. The court proceeded to a judgment against the defendant F. L. Carswell, thus, in effect, treating the case as if brought against him alone. This was irregular. The judgment should have disposed of the cause as against G. A. Carswell; but the practical results were the same. There is nothing of which appellant defendant may complain, nor any ground of reversal. Code 1923, § 5718; Oliver v. Hutto, 5 Ala. 211.

[2] Something is said in the brief concerning, as we understand, the allocation of costs. But, as we have noted, there was no service against the defendant G. A. Carswell, and in the matter of the preparation of a final record of the proceedings and judgment in the cause the difference, negligible at worst, between the cost of the record as it is and as it would have been, had the court by its judgment formally eliminated the absent defendant, will operate to the advantage of appellant, if he is made to pay.

[3] The case was tried by the court without the intervention of a jury. The goods, money, and merchandise, for the price or value of which the suit was brought, had been furnished directly to G. A. Carswell or upon his order. Plaintiff sought to bind defendant F. L. Carswell as a partner. This brought on the main question whether there was the partnership alleged, a question of fact as to which the evidence was in conflict, presenting a case calling emphatically and in-

escapably for ·the application of that rule, which concedes to the triors of fact who heard the witnesses an opportunity to know the truth better than this court can have. Malone v. Reynolds, 213 Ala. 681, 105 So. 895; Fleming v. Moore, 213 Ala. 592, 105 So. 680, and cases cited. There could be no statement against the conclusion rendered by the trial judge more searching or forcible than that found in appellant's brief. Still, there is much to be said on the other side, and, upon the whole, we think the rule of noninterference should be followed.

[4, 5] Against some of the items of charge against appellant, items of cash chiefly furnished by appellee to G. A. Carswell or upon his order — nearly all of them, in fact — it is urged that they were not of such sort as a milling business would naturally require and that the orders were not produced. We think a country sawmill may furnish supplies to its employees, and, the partnership found, the parol order by one of the partners would justify a credit to the partnership. The evidence was that the orders in question were by word of mouth and not in writing. It may be as to one item, viz. 15 yards of outing cloth furnished to the daughter of G. A. Carswell, no authority was proved, nor will any be inferred, but even this can hardly afford sufficient reason for reversing, or even correcting, the judgment, because the evidence for plaintiff was that the parties afterwards went over the entire account, and that this item, along with all the rest, received the approval of the defendant against whom the judgment was rendered. The trial court must have accepted this evidence as giving a true history of what occurred, and we are unable from this point of view to say that therein it committed error.

In short, the only controversy worthy of note ·on this appeal relates to the disputed matter of the partnership, 'and while, as to that, the evidence was in some confusion— great conflict, in any event—we do not feel authorized to disturb the finding of the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.