ELIHU CLEMENT WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE B. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM W. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8500–8502. Promulgated May 2, 1928.

*H. H. Jamieson, Esq., George B. Wilson, Esq.,* and *F. A. Stephenson, Esq.,* for the petitioners.
*Philip M. Clark, Esq.,* for the respondent.

966

OPINION.

TRAMMELL: The issues involved in these proceedings are: (1) Whether the Wilson Family Partnership during 1919 and 1920 was composed of the three petitioners and their wives or only of the three petitioners, (2) whether the approval by the Acting Commissioner of Internal Revenue of the recommendation made by the Committee on Appeals and Review constituted *res judicata*, and (3) whether the respondent is estopped from assessing the proposed deficiencies.

With respect to the first issue, the petitioners contend that the Wilson Family Partnership during the years 1919 and 1920 was composed of six persons, the three petitioners and their wives. The respondent contends that the partnership was composed of only the three petitioners.

While the partnership agreement involved in these proceedings was not in writing, the petitioners and their wives testified as to the making of the agreement and their testimony stands unimpeached and uncontradicted. The evidence shows that the agreement which constituted the petitioners members of the partnership, as is admitted by the respondent, was the same agreement as that entered into by all six. Under this agreement, which was subsequently modified with respect to the distribution of profits for the year 1919 but given effect for 1920 and subsequent years, each of the six was to share equally in profits and losses of the partnership.

Section 158 of the Civil Code of California provides as follows:

*Husband and wife may make contracts.*—Either husband or wife may enter into any engagement or transaction with each other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts.

We have heretofore considered the question of whether under the laws of California a husband and wife could legally enter into a valid partnership with each other and others and have held that they could. *L. S. Cobb*, 9 B. T. A. 547.

Section 1622 of the Civil Code of California provides that—

All contracts may be oral, except such as are specifically required by statute to be in writing.

Section 1624 provides what contracts must be in writing, but a contract of partnership is not among those mentioned. That oral partnership agreements are valid has been decided in *Bates* v. *Babcock*, 95 Cal. 479; 30 Pac. 605; *Koyer* v. *Wilman*, 150 Cal. 785; 90 Pac. 135, and *Musick Consolidated Oil Co.* v. *Chandler*, 158 Cal. 9; 109 Pac. 613.

The California Civil Code at section 2395 defines a partnership as follows:

A partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them.

While this section contains no provision as to sharing of losses, section 2404 provides that "An agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated."

The petitioners contend that the facts in their cases meet the requirements of the definition of partnership as contained in the Code, and that the partnership in question was composed of themselves and their wives. The respondent, however, contends that since the wives contributed neither money nor services they never became members of the partnership.

The evidence shows that Elihu Clement Wilson and William W. Wilson were the owners of the patents. The profits from the sale of manufactured articles thereunder constituted the income of the partnership. The partnership business was conducted through the Wilson & Willard Manufacturing Co., and in view of this method of carrying on the business there was no necessity for a contribution of money to the partnership.

In *Whitley* v. *Bradley*, 13 Cal. App. 720; 110 Pac. 596, where the question of the existence of a partnership was under consideration, the court said:

The fact that neither Whitley nor Fisher has put any money into the business cannot change the situation in the least. This circumstance, as an evidentiary fact, tending, it may be, to negative the proposition of a partnership, was worthy only of such weight as the court deemed it entitled to, and no doubt was given proper consideration by the judge in determining whether there existed a partnership between the parties under the agreement, but it by no means follows that because one partner may not put up his share of the capital under an agreement to form a partnership the combination so formed is any the less a partnership.

The case of *Brooke* v. *Tucker*, 149 Ala. 96, 43 South. 141, is in many respects almost identical with the case at bar. There a partnership was formed with an understanding between the parties thereto that later on there would be organized by the partners a corporation to which said business would be transferred and through the agency of which the same would thereafter be carried on. We quote from the opinion in that case: "Whether complainant and Brooke are partners inter sese must be determined by their intention as the

same is expressed in or may be gathered from the written agreement entered into by them. By the contract it is made to appear that complainant and Brooke associated themselves together for the publication of a newspaper. It also appears that at the time the contract was made Brooke was the sole owner of the newspaper plant, and it may be conceded that by the terms of the contract he was to remain the owner and possessor of the legal title, and in control, until the formation of the contemplated corporation provided for by the contract; yet this of itself would not prevent the contract from being one of partnership. To constitute a partnership, it is not necessary that there should be property forming its capital jointly owned by the partners. The property employed in the partnership business may be separate property of the partners; but, if they share in the profits and losses arising from its use, a partnership exists [citing *McCrary* v. *Slaughter*, 58 Ala. 230, 234]. * * * While nothing is said specifically about the losses, or that complainant is to share in them, yet, construing all the terms of the contract together, it is our opinion that there is created a community of profits and loss, or, as it is expressed in one of our cases, 'a communion of profits and loss is created,'" citing a number of cases. The foregoing expressions harmonize with our Code definition of a partnership. Sections 2395, 2404, Civ. Code.

In the foregoing case it was held that Fisher, although he had contributed neither money nor services, was a partner and could sue for a dissolution of the partnership, for an accounting and for a receiver.

Inasmuch as the Civil Code of California contains no provision whereby it is essential to the formation of a valid partnership that the members contribute any money or services, and in view of the holding of the court in *Whitley* v. *Bradley*, *supra*, we do not think that the respondent's contention is well taken.

Another argument advanced by the respondent against the contention that the three wives were members of the partnership is their unfamiliarity with the business in which they were supposed to participate. Conceding this to be true, it is only an evidentiary circumstance to be considered in connection with all the other testimony. They were not active partners. This fact should also be considered.

A further argument advanced by the respondent against the contention of the petitioners is that no change was made in the books of the Wilson & Willard Manufacturing Co. as of January 1, 1919, to indicate that there was a partnership, and no entries were made during 1919 referring to the wives' accounts other than the distribution of profits at the end of the year. The evidence shows that Elihu Clement Wilson early in January, 1919, instructed the bookkeeper of the Wilson & Willard Manufacturing Co. to open up a set of books for the partnership, but inasmuch as the bookkeeper had just entered the employment of the company, and because of the pressure of other work at that time, the partnership books

were not opened then. About the middle of May, 1919, the book-keeper had his work in such condition that he was ready to open up the partnership books. About this time it came to the attention of Elihu Clement Wilson that his instructions had not been carried out. Consequently, he informed the bookkeeper that inasmuch as the books had not been opened at the beginning of the year to delay such action until the end of the year. Since the partners contributed no money to the partnership and did not make withdrawals during the year, there was no necessity to set up accounts with them until the books were closed at the end of the year and the amounts of the profits determined. At that time accounts were set up for all six of the partners, who were given credit for their respective shares of the profits. In view of the other facts in the case, we do not think that this contention is sufficient basis for denial of the existence of the partnership composed of six members.

The respondent contends that his action in holding that the wives are not members of the partnership in 1919 is supported by the fact that the profits for that year were not divided on the basis of sixths as provided in the partnership agreement when made in December, 1918. The evidence shows that when the profits for 1919 were determined the patents were involved in litigation and that it was considered desirable in order to preserve the identity of the profits from each of the patents and to know to which members of the partnership they had been distributed that distribution be made on a somewhat different basis than that agreed upon at the time of the formation of the partnership. For the years subsequent to 1919, distribution of the profits was made on the basis of sixths as provided in the partnership agreement. This contention of the respondent in our opinion is not well founded. He determined that the three petitioners were members of the partnership for the year 1919. The deviation from the original agreement as to distribution of profits for 1919 that was applicable to the wives was also applicable to the petitioners.

From consideration of the facts in this proceeding, and the law relative thereto, we are of the opinion that for the years 1919 and 1920 the Wilson Family Partnership was composed of the three petitioners and their respective wives.

In view of the disposition made of the partnership question, it becomes unnecessary to consider the remaining issues.

*Judgment will be entered on 15 days' notice, under Rule 50.*