B. M. PHELPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

D. L. ARMISTEAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14749, 14750, 21952, 21953, 28226, 28227.   Promulgated October 26, 1928.

*Theodore B. Benson, Esq.*, and *C. F. Cocke, Esq.*, for the petitioners.
*John D. Foley, Esq.*, for the respondent.

## OPINION.

SMITH: Section 218 (a) of the Revenue Acts of 1918 and 1921 reads in part as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. * * *

Section 224 of the Revenue Acts of 1918 and 1921 provides:

That every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners.

Section 5134 of the Code of Virginia, 1919, which was in force during the taxable years, reads in part as follows:

* * * A married woman may contract and be contracted with, sue and be sued, in the same manner and with the same consequences as if she were unmarried, whether the right or liability asserted by her or against her shall have accrued heretofore or hereafter. * * *

The evidence of record shows that at some time during 1919 petitioners took up with the collector of their district the question as to whether it would be proper for them to take in their wives as members of their firm and make returns upon the basis that their wives were members of the partnership. The official or employee in the collector's office advised them that he saw no objection to such proceeding. Thereafter, in 1919, petitioners and their wives had a meeting at their store and it was agreed among them that the wives should be equal partners with themselves in the business.

The respondent denied the existence of a partnership between the petitioners and their wives, apparently upon the ground that there were no written articles of copartnership; that the wives contributed no capital or services to the partnership; and that the scheme was only for the purpose of reducing surtax.

We think that the evidence actually shows an agreement of partnership between the petitioners and their wives on or about July 1, 1919, whereby the wives of the petitioners were taken into the business as equal partners with the petitioners. On that date a new partnership was formed composed of four individuals, each having a one-fourth interest therein. The claim of the respondent that the wives contributed no capital to the partnership does not disprove the fact that a partnership agreement was entered into. Persons are often made members of a partnership without themselves contributing anything to the partnership originally. The members of a partnership may set over to a person to be taken in as a partner a percentage of their own interests in the partnership. This is what was done in this case. Each of the petitioners gave to his wife one-half of his capital in the business. From that time on each of the petitioners had capital invested in the business. It is immaterial that they furnished no services to the partnership and received no salaries from the partnership. If the petitioners furnishing the services were willing that the other members of the partnership furnish no services yet share equally with them in the profits of the business, there is no provision of law to prevent them from doing so. Although proof that persons claiming to be members of a partnership furnished no capital and contributed no services to the partnership might tend to prove that no partnership agreement was entered into, proof of such facts becomes immaterial when all members of the partnership agree that a partnership contract was entered into.

Nor do we think that it is material that the apparent object of the reorganization of the partnership in 1919 was for the purpose of reducing surtaxes payable by the petitioners. Clearly taxpayers have the right to change their form of organization and their methods of doing business in any way they may see fit so long as they keep within the law.

In *Weeks* v. *Sibley*, 269 Fed. 155, it was stated:

\* \* \* The right to change the status of an organization, or to dissolve an organization in any legal manner, is not made ineffectual because the motive impelling the change is to reduce or avoid taxation in the future. The right so to do is an incidental right, inseparably connected with an individual's right to own and control his property. \* \* \*

It is not unnatural that any thoughtful business man takes such steps. It is altogether different from tax dodging, the hiding of taxable property, or the doing of some unlawful or illegal thing in order to avoid taxation. \* \* \*

We are satisfied that a valid partnership existed between the petioners and their wives for the taxable years involved in these proceedings.

*Judgment will be entered under Rule 50.*