*597 OPINION.
Seawell :
The amount of distributable net income of the partnership is not the subject of controversy. The contention of the respondent that no partnership existed between the petitioner and his wife and two daughters in 1929 is based primarily upon the assumption that the Chattanooga corporation and the Atlanta corporation did not give their consent to the assignment of undivided interests in the June 1, 1926, contract until August 1931, more than a year *598 and a half after the close of the taxable year. The premise is not supported by the record.
Promptly upon the execution of the assignment the petitioner sought the approval of the necessary parties to the conveyance and in doing so transmitted to them the original instrument of transfer. It would appear that the assignees executed an assignment of their interests in the contract to the partnership. In its letter of January 8,1929, to the Chattanooga corporation, the Atlanta corporation expressed the opinion that the transfer from the assignees to the partnership was unnecessary and stated that “ only the transfer from Hazlewood to his wife and daughters is necessary. He may then form a partnership with them, or take them into his present business. This transfer should include a space thereon for approval by your company and The Coca-Cola Company.” In transmitting the letter of the Atlanta corporation to the petitioner the Chattanooga corporation informed the petitioner that “ The parties, if they own a one-fourth interest in the contract can simply operate as a partnership. If you desire to handle the matter in that way, simply the first assignment of a one-fourth interest in the contract by you to the other parties is all that is necessary.”
The petitioner concluded that the letters written by the Chattanooga and Atlanta corporations contained their consent to his transfer of interests in the contract and made no effort to obtain the formal consent of the corporations on the instrument of assignment until August 1931. Formal approval was then made promptly by both corporations with the statement that they regarded their letters written in January 1929 as equivalent to formal consent to the assignment.
There is not a word of objection in the letters of the corporations to the assignment. Both show agreement to the petitioner’s action. Any doubt about the intent thereof is completely eliminated by the letters of the corporations written in August 1931. We think there is ample justification for our finding of fact that the letters of the Atlanta and Chattanooga corporations dated, respectively, January 8 and 10, 1929, contain their consent to the assignment made by the petitioner on December 28, 1928.
The intention and agreement to form a partnership is shown beyond question by the partnership articles. The laws of Virginia are not against the formation of a partnership between husband and wife. B. M. Phelps, 13 B.T.A. 1248. Where the partners provide for sharing profits without an expression of how losses shall be borne, nothing appearing to the contrary, as here, the law will imply an agreement to share losses. Miller v. Simpson, 107 Va. 476; 59 S.E. 378; Brooke v. Tucker, 149 Ala. 96; 43 So. 141. Neither is it essential *599 that all the partners contribute services toi the enterprise. B. M. Phelps, supra.
The fact that the petitioner withdrew practically all of the net income of the partnership during the taxable year is not fatal to the petitioner’s claim. At least two of his partners had actual knowledge of and gave their express or implied approval to the withdrawals in excess of his share of the profits. It appears to have been regarded at the time as an advance, and not a modification of the partnership articles as to a division of the profits. This, we think, is shown by the fact that in 1931 the petitioner gave his partners notes for the amount of their distributable share of the income. The notes have not been paid, but we find no reason in the record to question the bona fides of the transaction.
We are of the opinion, and so hold, that the assignment of December 28, 1928, was valid and in effect throughout 1929 and that a valid partnership existed between the petitioner and his wife and two daughters during the taxable year. It follows that the respondent erred in taxing the petitioner on the net income of the partnership in 1929 in excess of the share provided for him in the partnership articles. B. M. Phelps, supra; Millard D. Olds, 15 B.T.A. 560; affd., 60 Fed. (2d) 252.

Decision will he entered under Bule 50.