86 So.2d 369

**Robert E. MITCHELL**

v.

**C. B. WILLIAMS.**

**4 Div. 856.**

Supreme Court of Alabama.

March 22, 1956.

S. Fleetwood Carnley, Elba, for appellant.

J. C. Fleming, Elba, for appellee.

LAWSON, Justice.

C. B. Williams filed his bill in the circuit court of Coffee County, in equity, on July 18, 1955, against Robert E. Mitchell seeking the dissolution of their alleged farming partnership, an accounting between the partners, and appointment of a receiver. On the day the bill was filed the trial court set July 27, 1955, for the hearing of the application for the appointment of a receiver. On July 26, 1955, the respondent filed a demurrer and an answer which he made a cross-bill. The taking of testimony began on July 27, 1955, after the cross-bill was answered but before action was taken on the demurrer to the original bill. The hearing which was begun on July 27 was on that day recessed until August 3, 1955. On August 2, 1955, Williams filed an amendment to his bill. On August 3, 1955, the trial court rendered a decree overruling the demurrer which had that day been interposed to the bill as amended. The taking of testimony was concluded on August 3, 1955, and on August 11, 1955, the trial court rendered a decree wherein the partnership was dissolved, a receiver was appointed, and the relief sought by the cross-bill was denied. The decree contains the following provision: "The jurisdiction of this cause is specifically reserved for any such further or additional orders as may be necessary in the premises." From that decree Mitchell, the respondent-cross-complainant, has appealed to this court.

Although the matter of accounting still remains for determination by the trial

court, the decree before us is such a final decree as will support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Grace v. Dodge, 245 Ala. 346, 349, 17 So.2d 237.

Our review, of course, will be limited to those matters which have been brought to us properly by assignments of error adequately argued in brief filed on behalf of appellant.

We construe the bill as sufficient to disclose the formation and operation of a farming partnership. Perhaps the bill does not represent the perfection of pleading, particularly in its failure to precisely aver the interest of each partner in the firm business; but we find no specific assignment of demurrer taking that point and such defect therefore need not be considered. Ard v. Abele, 226 Ala. 611, 148 So. 318. Apparently the argument for appellant appears to overlook the averment in the bill that there was an agreement between the complainant and respondent to the effect that they would share the losses as well as the profits and also overlooks the provisions of § 30, Title 43, Code 1940. In our opinion the bill is not subject to the defects asserted by appellant in connection with his argument that the grounds of the demurrer which were addressed to the bill as a whole were well taken for the following reasons: " * * * The allegations of the bill are vague and indefinite and do not aver or allege the terms and conditions of the agreement alleged to constitute a partnership in order that it might be ascertained from all the facts whether a partnership was really formed or not."

Paragraphs 4, 5, 7 and 8 of the bill as amended merely set forth various features of transactions upon which, in connection with other averments, relief is sought; hence, the grounds of demurrer specifically assigned to each of those paragraphs were overruled without error, for the rule is that a ground of demurrer which is specifically assigned to a paragraph of a bill is inapt unless such paragraph alone sets forth some aspect of the bill on which relief is prayed. Cook v. Whitehead, 255

Ala. 401, 51 So.2d 886, and cases cited; Darrah v. Darrah, 257 Ala. 263, 57 So.2d 618.

The record shows that Mitchell did not refile his answer and cross-bill or otherwise answer the amended bill prior to the rendition of the decree from which this appeal was taken. A cause should be at issue when final decree is rendered but where, as here, the amendment presented substantially what was already before the court and the trial proceeded by all parties as if the cause were at regular issue, the failure to answer the amended bill will not work a reversal. Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Hall v. Kirkland, 225 Ala. 158, 142 So. 61; Waldrop v. Walker, 228 Ala. 38, 152 So. 44; Lindsey v. Atkison, 250 Ala. 481, 35 So.2d 191. See Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650, and Collins v. Bay City Export Lumber Co., 260 Ala. 308, 70 So.2d 273.

All of the evidence was taken orally before the trial judge. When that is the case and the evidence is in conflict, the established rule, now so well entrenched as to be axiomatic, is that his judgment will not be disturbed on appeal unless palpably wrong, his findings from the evidence being likened unto the verdict of a jury. Wood v. Wood, 263 Ala. 384, 82 So.2d 556, and cases cited.

We do not think the evidence supports a reasonable inference contrary to the testimony of both parties which was to the effect that their relationship was that of a partnership wherein they were to share the profits and losses equally. Certain it is that under the rule stated above we cannot disturb the trial court's finding that there was a partnership. Carswell v. B. F. Kay & Son, 214 Ala. 619, 108 So. 518.

Williams testified that the partnership agreement was to become effective as of January 1, 1955, and was to last for one year; that he and Mitchell estimated that it would take from twelve to fourteen thousand dollars to make and gather the crop; that Mitchell agreed to contribute

the sum of $2,500, to furnish a tractor and to actually supervise the making and harvesting of the crop.

Mitchell contended that the agreement was that the partnership should continue for a period of five years and he denied that he had agreed to contribute any money whatsoever.

It is without dispute in the evidence that at the time this cause was tried Mitchell had contributed no money to the partnership, although approximately $13,000 had been expended by Williams in connection with the farming operations.

■ We are of the opinion that the evidence justifies a finding by the trial court that Mitchell had failed to carry out his part of the partnership agreement; that he was insolvent and that there were no partnership funds with which to harvest the crop. In view of these circumstances, we are of the opinion that the trial court did not err in decreeing a dissolution of the partnership. § 34, Title 43, Code 1940.

■ It is well settled that when a right is shown to dissolve a partnership, equity will, upon an order of dissolution, appoint a receiver when in its judgment one is necessary to the proper settlement of the partnership affairs. Latimer v. Milford, 241 Ala. 147, 1 So.2d 649; Brooke v. Tucker, 149 Ala. 96, 43 So. 141; § 1162, Title 7, Code 1940.

Having concluded that under the evidence presented to the trial court it was justified in dissolving the partnership and in appointing a receiver, it necessarily follows that the trial court did not err in dismissing the cross-bill which sought a decree enjoining Williams from interfering with Mitchell in continuing the farming operations.

We have considered those assignments of error argued in brief of counsel which deserve treatment and hold that they are without merit and that the decree appealed from should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.