101 So.2d 76

**W. E. JAMES**

v.

**Roy HANDLEY et ux.**

**6 Div. 268.**

Supreme Court of Alabama.

March 6, 1958.

Ernest Galin, Cullman, for appellant.

Marvin H. Galin, Cullman, for appellees.

GOODWYN, Justice.

This case was transferred to this court from the Court of Appeals on February 19, 1958, because the judgment appealed from was for $1,035 which is outside the jurisdiction of the Court of Appeals. Code 1940, Tit. 13, § 86. Submission here was

on the merits and on appellant's petition for mandamus in the alternative.

The plaintiffs, Mr. and Mrs. Roy Handley, brought suit in the circuit court of Cullman County against T. T. Tanner and W. E. James to recover the sum of $1,000. As last amended the complaint consisted of counts 1, 2, 3, 6, 4–A and 5–A. On this appeal it is insisted by appellant (W. E. James) that the trial court erred in overruling his demurrers to Counts 4–A and 5–A. From a consideration of the record (appellees have not favored us with a brief) it is apparent that these are the counts principally relied on by appellees. Counts 4–A and 5–A are as follows:

## "Count 4–A

"The plaintiffs claim of the defendants the sum of One Thousand and No Dollars ($1000.00) damages obtained by the defendants from the plaintiffs who acted on the advice of the defendant, W. E. James, who represented to them that two checks they were told to sign were drawn for a total amount of Seven Thousand and No Dollars ($7000.00) when in fact the said checks were mistakenly made, or caused to be made, by the said W. E. James for sums in the total amount of Eight Thousand Dollars ($8000.00). That they signed said checks at the insistence of W. E. James. Said checks were subsequently presented to the drawer bank, honored and paid, thereby causing the damages aforesaid."

## "Count 5–A

"The plaintiffs claim of the defendants One Thousand Dollars ($1000.00) damages for that on, to-wit: January 23, 1956, the defendant, W. E. James, while acting in his capacity as Attorney for the plaintiffs, negligently drew or cause [sic] to be drawn two checks, one for the sum of Six Thousand Eight Hundred Twenty-Three and Sixty-Seven/One *Hundreds* Dollars ($6823.67), the other, One Thousand One Hundred Seventy-Six and Thirty-Three/One Hundredths Dollars ($1176.33) as the purchase price in a transaction by which the plaintiffs purchased land from the defendant, T. T. Tanner.

"Plaintiffs further aver that as a direct and proximate consequence of the defendant's negligence in making the checks for the aforesaid amounts as aforesaid, plaintiffs paid to the defendants One Thousand Dollars ($1000.00) in excess of the agreed purchase price for said land."

The defendant James demurred to both of these counts separately and here insists that the overruling of each of his said demurrers was erroneous.

We are unable to determine clearly, from reading these two counts, the particular theory or theories upon which appellees seek recovery. It would appear from some of the language used that the basis for recovery is James' negligent performance of his duties as appellees' attorney.

In Count 4–A the claim is for "damages *obtained by the defendants* from the plaintiffs who acted on the *advice* of the defendant, W. E. James." It may be that this is an attempt to charge James with negligence in advising appellees as their attorney. Clearly, it is inadequate in that respect. In the first place, there is no allegation showing the relationship of attorney and client between James and appellees.

In Count 5–A an apparent attempt is made to charge defendant James with negligence in the performance of his duties as appellees' attorney. However, the negligence charged is that he "drew or cause [sic] to be drawn two checks, one for the sum of Six Thousand Eight Hundred Twenty-Three and Sixty-Seven/One *Hundreds* Dollars ($6823.67), the other, One Thousand One Hundred Seventy-Six and Thirty-Three/One Hundredths Dollars ($1176.33) as the purchase price in a transaction by which the plaintiffs purchased land from

the defendant, T. T. Tanner." Construing this allegation most strongly against the pleader it certainly is not clear whether the defendant James is being charged with negligence in drawing or causing to be drawn the checks on his own account or whether on the bank account of one or both of the plaintiffs.

Both Counts 4–A and 5–A fail to allege facts sufficient to show the violation by defendant James of any duty owed by him to the plaintiffs-appellees.

It appears, from reading the trial court's charge to the jury, that perhaps plaintiffs seek to charge defendants in Count 4–A with legal fraud as defined in Code 1940, Tit. 7, § 108. If so, we think the count is also insufficient in that respect. Whether there has been legal fraud, as defined in § 108, depends upon the particular facts and circumstances in each case. The facts relied on as constituting such fraud should be set out. In Count 4–A there is nothing to indicate the nature of the relationship between plaintiffs and defendant James, nor are the factual circumstances showing a legal fraud sufficiently set out. It is a general rule of pleading that "the complaint shall state the material issuable facts indicating plaintiff's right to recover." Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 675, 73 So. 969, 970; Alabama Great Southern Railway Co. v. Cardwell, 171 Ala. 274, 280–281, 55 So. 185.

As already noted, appellant seeks mandamus in the alternative, that is, if it should be determined that the judgment will not support an appeal then a review is sought by way of mandamus. The position taken by appellant is that the judgment, being in form a joint judgment against both defendants, is void because personal service was not had on defendant Tanner, a nonresident; that, being void, the judgment will not support an appeal. We are unable to agree that the judgment against James is void because it may be void as against Tanner. Personal service was had on defendant James. Even though it should be determined that the judgment against Tanner is void this alone would not make the judgment against James also void. Code 1940, Tit. 7, §§ 139, 147; Carswell v. B. F. Kay & Son, 214 Ala. 619, 108 So. 518.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.