123 So.2d 109

**Teddy G. TSIMPIDES**

v.

**Hubert E. HARE et al.**

6 Div. 580.

Supreme Court of Alabama.

Sept. 15, 1960.

Matt H. Murphy, Birmingham, for appellant.

Geo. I. Case, Jr., and McGowen & McGowen, Birmingham, for appellees.

The appointment of a receiver for partnership assets and to settle the affairs of a partnership dissolved by order of the Circuit Judge is necessary and proper. Code 1940, Tit. 7, §§ 1162–1164; Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369; Brooke v. Tucker, 149 Ala. 96, 43 So. 141; Latimer v. Milford, 241 Ala. 147, 1 So.2d 649. After final decree dissolving a partnership, no bond is required of petitioners for the appointment of a receiver to liquidate partnership assets. Code 1940, Tit. 7, §§ 1162, 1163.

GOODWYN, Justice.

Appellees, Hubert E. Hare and Christine Tsimpides, filed in the circuit court of Jefferson County, in equity, on September 21, 1959, a bill against appellant, Teddy G. Tsimpides, seeking dissolution of a partnership between said parties, an accounting, and the appointment of a receiver "to take over the operation, affairs and such other business of the partnership as may be ordered by the court." The respondent answered the bill on October 20, 1959, agreeing "that the partnership ought to be dissolved and that the complainants be made to account to respondent for all the moneys and assets that they have done away with."

On February 15, 1960, complainants filed an application for appointment of a receiver "to take charge and control of all the assets of the partnership." On February 19, the date set for hearing the application, an order was entered continuing the hearing until February 25. In said order the application is referred to as one "for appointment of a receiver pendente lite." On February 25 an order was entered continuing the hearing on the application and setting the cause "for hearing upon the merits and submission for final decree on the 23rd day of March, 1960." On March 23 the cause was continued and reset "for oral hearing on the submission for final decree" on March 31. In this last order it was noted that respondent was contending that "a complainant's bond" was necessary for appointment of a receiver.

On March 31 an oral hearing was had before the trial judge "on the merits of the original bill and the answer of the respondent" on "final submission for final decree on the merits."

At the commencement of the hearing the trial judge noted that "there was a separate motion filed on February 15, 1960, for the appointment of a receiver, but that motion has been, in effect, by-passed by the setting of this case for submission for final decree."

After the hearing, the trial court rendered a decree dissolving the partnership and appointing Frank S. Blackford as receiver of the partnership business, "upon his entering into and giving a bond in the

sum of $10,000.00, conditioned for the faithful performance and discharge of his duties as such receiver." The respondent brings this appeal from said decree (Mitchell v. Williams, 264 Ala. 192, 194, 86 So. 2d 369).

The only error assigned and argued concerns the failure to require the complainants to give bond as provided for in § 1158, Tit. 7, Code 1940. We find no error in this respect.

The obvious purpose of § 1158 is to require a complainant to enter into bond with surety before a receiver is appointed pending final hearing on the merits of the bill. Here, no receiver was appointed until after final hearing on the merits. In this situation there is no requirement that the complainants enter into a bond. It is to be noted that the bond required by § 1158 is to be conditioned "to pay all damages which any person may sustain by the appointment of a receiver, *if such appointment is vacated or receiver removed or discharged because improvidently appointed*." (Emphasis supplied.) Clearly, it seems to us, this denotes an intent to require complainants to give a bond only when a receiver is appointed in advance of a final hearing on the merits of a bill seeking appointment of such receiver.

"It is well settled that when a right is shown to dissolve a partnership, equity will, upon an order of dissolution, appoint a receiver when in its judgment one is necessary to the proper settlement of the partnership affairs. Latimer v. Milford, 241 Ala. 147, 1 So.2d 649; Brooke v. Tucker, 149 Ala. 96, 43 So. 141; § 1162, Title 7, Code 1940." Mitchell v. Williams, supra [264 Ala. 192, 86 So.2d 371].

The decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.